EXHIBIT 2

**Exhibit 2**
**Page 005**

## LEGAL SERVICES CONTRACT

### I.
### PARTIES

The following persons enter into this Legal Services Contract (the "Contract"):

**A.**    Drita Kessler, an individual with her principal place of residence in Los Angeles County, California;

**B.**    DK Art Publishing, Inc., a corporation organized and existing (but currently in tax default status) under the laws of the State of California with its principal place of business in Los Angeles County, California;

**C.**    Franklin R. Fraley, Jr., an individual doing business as Fraley & Associates with his principal places of residence/business in Los Angeles County, California ("Fraley")

(A and B, separately/together, a/the "Client/s;" A through D, separately/together, a/the "Party/ies").

### II.
### RECITALS

The Parties enter into this Contract with reference to the following facts:

**A.**    Fraley is an attorney licensed to practice law in the State of California.

**B.**    The Clients wish to retain Fraley to provide legal services to the Clients in various matters.

**C.**    The Parties, therefore, enter into this Contract to set forth the terms and conditions on which the Clients retain Fraley to provide legal services to the Clients.

### III.
### DEFINITIONS

**A.    Action**

"Action" means any action, adjudication, application, case, disciplinary matter, hearing, investigation, mediation, motion, negotiation, petition, proceeding, request, rule-making, or any other method for determining, enforcing, and/or resolving a dispute over a person's rights/remedies, whether by administrative, judicial, legislative, or other process, whether legal or equitable rights/remedies, whether private or public, whether formal or informal, and regardless of forum.

Attachment 4(b)
Page 0004

F&A 0090

**Exhibit 2**
**Page 006**

**B.    Addendum/Addenda**

"Addendum" or "Addenda" means any document entitled "Legal Services Contract Addendum No. _" (with the appropriate sequential number inserted into the blank), signed by one or more of the Clients and Fraley, in which one or more of the Clients and Fraley define the scope and any particular terms for a Representation.  To the extent that fewer than all of the Clients sign an Addendum, the Client/s who do not sign that Addendum shall have no rights or obligations under this Contract as to the Representations identified in that Addendum and no rights or obligations under that Addendum whatsoever.

**C.    Billing Rates**

"Billing Rates" means the following schedule of hourly rates:

| | |
|---|---|
| --Fraley: | US $350.00/hr |
| --Partners/Associates: | US $300.00/hr or less |
| --Paraprofessionals/Legal Assistants: | US $125.00/hr or less |

Fraley may change the Billing Rates from time to time upon thirty days' advance written notice to the Clients, but will do so no more often than annually.

**D.    Case Proceeds**

"Case Proceeds" means all money or property, tangible or intangible, that any person pays or delivers to the Clients, whether before or after the termination/conclusion of any Representation, whether voluntarily or involuntarily, regardless of cause or purpose, whether charitable aid, contribution, judgment, order, reimbursement, or settlement, for the subject of any Representation, including, but not limited to, attorneys' fees, costs, damages (including, but not limited to, compensatory, special, incidental, consequential, punitive, and/or exemplary damages), expenses, expert fees and expenses, interest, penalties, restitution, reliance damages, and/or sanctions.

**E.    Client Contact/s**

"Client Contact/s" means the person/s identified in paragraph IV(O) Notices, of this Contract and/or, as to specific Representations, in the Addenda.

**F.    Expenses**

"Expenses" means all expenses that attorneys customarily incur to provide legal services to clients, whether or not customarily invoiced to clients, including, but not limited to, airfares, bank fees, bindery fees, blow-backs, car rental fees, computer hardware/software for the specific needs of any Representation, consultant's fees/expenses, court fees, delivery service fees, document imaging/management fees, expert witness fees/expenses, file copying/storage/transfer fees, graphics service

fees/expenses, government fees, investigator fees/expenses, library fees, local counsel fees, mileage, lodging, meals while working/traveling, messenger fees, office equipment/supplies for the specific needs of any Representation, overnight delivery service fees, photocopies, postage, printer fees, process servers, reporter fees, research/investigation fees/expenses, scanning, taxes, taxi fares, telecopies, title fees, translator/interpreter fees, witness fees, word processor expenses, and the like.

**G.      Fees**

"Fees" means the reasonable value of the legal services that Fraley provides to the Clients, which will be determined by multiplying the amount of time that Fraley and his partners, associates, paraprofessionals, and legal assistants spend working on each Representation by the Billing Rates.  Fees will be calculated in a minimum increment of one-tenth (1/10) of an hour for any given task performed.

**H.      Representation**

"Representation" means any matter that the Parties identify in any Addendum and any other matter that arises on an ad hoc or emergency basis for which any Client requests Fraley to provide legal services to any Client without first having signed an Addendum. To the extent that fewer than all of the Clients request legal services from Fraley for a matter on an ad hoc or emergency basis without first having signed an Addendum, such matter shall constitute a Representation only as to those Clients who request/receive such legal services.

**I.      Retainer**

"Retainer" means the amount of money that the Clients will deliver to Fraley as a prepayment of Fees/Expenses for any Representation as set forth in any Addendum.

**J.      Trust Account**

"Trust Account" means Fraley's attorney-client trust account established under the rules of the California State Bar, which currently is:

```
Union Bank of California
Los Angeles Main #113
445 S. Figueroa St.
Los Angeles CA 90071-1655
ABA No.:             122000496
Account No:          1130029643
Account Name:        Franklin R. Fraley, Jr., d/b/a Fraley & Associates
                     Attorney at Law
                     Attorney-Client Trust Account
```

Attachment 4(b)
Page 0006

F&A 0092

**Exhibit 2**
**Page 008**

**K.**    **Waiver**

"Wavier" means any disclosure and waiver of conflict of interest between any of the Clients and Fraley, whether signed before, concurrently with, or after this Contract.

**IV.**
**AGREEMENT**

The Parties agree as follows:

**A.**    **Incorporation**

The Parties acknowledge that the statements in sections I, II, and III of this Contract and all Addenda constitute part of this Contract and are true.

**B.**    **Legal Services**

**1.**    **Scope of Representation**

**a.**    **Representation**

Fraley will serve as the attorney for the Clients in, render legal assistance and advice to the Clients for, and appear in any Action for, each Representation.  The Parties will define the scope and any particular terms for each Representation in the Addenda.

**b.**    **Identity of the Clients**

Fraley will represent only the interests of the Clients and not the interests of any other person, firm, or entity, whether or not related to, or affiliated with, any of the Clients in each Representation unless otherwise expressly agreed in any Addenda.  This limit on the identity of the Clients includes, but is not limited to, any colleague, child, contractor, employee, employer, friend, relative, parent, sibling, spouse, of any Client, any association, business, company, corporation, joint venture, organization, or partnership in which any Client has any interest whatsoever, and any agent, attorney, contractor, director, employee, insurer, member, officer, partner, shareholder, of any such association, business, company, corporation, joint venture, organization, or partnership.

**2.**    **The Clients' Instructions**

Fraley will comply fully with the Clients' instructions regarding the conduct of each Representation so long as those instructions remain consistent with applicable civil and criminal laws and the rules of professional ethics that govern attorneys.  Fraley may verify any decision of, and obtain any instruction from, the

Attachment 4(b)
Page 0007

F&A 0093

**Exhibit 2**
**Page 009**

Clients either by joint communication with all Clients at the same time or by separate communication with each Client.

**3.      Decision-Making**

Fraley will make decisions that rest with the discretion of the attorney in an attorney-client relationship.  The Clients will make all decisions that rest with the client in an attorney-client relationship jointly and unanimously after consultation with Fraley.

**4.      Limitations on Representation**

**a.      Attorney's License**

The Clients understand that Fraley is admitted to practice law only in the State of California.  The Clients understand, therefore, that the legal advice and assistance that Fraley provides to the Clients will be limited to the laws of the State of California and the laws of the United States of America.

**b.      Attorney's Expertise**

**i.      Legal Advice**

The Clients understand that Fraley neither purports to be, nor can be, conversant in all fields of law or in the laws of all jurisdictions. As to certain aspects of each Representation, therefore, Fraley may recommend that the Clients obtain advice from an attorney with experience/expertise in the specific field of law that applies to that issue or in the laws of the jurisdiction that governs that issue.  The Clients will retain sole responsibility for evaluating and retaining all other attorneys who may provide the Clients with legal assistance or advice, whether for the purpose of any Representation or otherwise, and whether Fraley refers the Clients to such attorneys or not.

**ii.      Non-Legal Advice**

The Clients understand that Fraley does not provide non-legal professional advice, e.g., accounting, banking, construction, engineering, environmental, estate planning, investment, tax, valuation, etc.  As to certain aspects of each Representation, therefore, Fraley may recommend that the Clients obtain advice from a professional with experience/expertise in the specific field that applies to that issue.  The Clients will retain sole responsibility for evaluating and retaining all other professionals who may provide

Legal Services Contract                                          Page 5 of 21
Kessler/DK Art Publishing

Attachment 4(b)
Page 0008

F&A 0094

**Exhibit 2**
**Page 010**

the Clients with assistance or advice, whether for the purpose of any Representation or otherwise, and whether Fraley refers the Clients to such professionals or not.

**5. Other Matters**

    **a. Additional Representation**

Fraley will not represent the Clients in, render legal assistance and advice to the Clients for, or appear in any Action for, any matters other than the Representations unless Fraley and the Clients agree to such additional matters in writing in the future.

    **b. Ad Hoc/Emergency Representation**

If Fraley provides any of the Clients, jointly or separately, with legal assistance and advice in any matter other than a Representation identified in an Addendum on an ad hoc or emergency basis, this Contract will govern those Clients' and Fraley's obligations for such legal services. To the extent that fewer than all of the Clients request legal services from Fraley for a matter on an ad hoc or emergency basis, only those Clients who request/receive such legal services shall have any rights or obligations under this Contract as to such legal services.

**C.**    **Attorney Staffing**

The Clients agree that Fraley may allocate the workload of each Representation among Fraley and Fraley's partners, associates, paraprofessionals, and legal assistants in Fraley's discretion.  The Clients understand and agree that, due to the demands of Fraley's existing caseload and the demands of any Representation, Fraley anticipates that:

    **1. Fraley**

Fraley will serve as attorney of record and assume primary responsibility for developing the strategy for each Representation, conferring with the Clients to make decisions regarding the strategy for each Representation, and supervising/coordinating the legal services in each Representation.

    **2. Handling Personnel**

Fraley will assign and supervise Fraley's partners, associates, paraprofessionals, and/or legal assistants to provide the day-to-day legal services to the Clients for each Representation, including, but not limited to, communicating with the Clients, opposing counsel, and any adjudicator (e.g., court, private judge, administrative agency, etc), appearing for depositions, hearings, and/or trial or

Legal Services Contract
Kessler/DK Art Publishing

Page 6 of 21

Attachment 4(b)
Page 0009

F&A 0095

**Exhibit 2
Page 011**

similar evidentiary proceeding, legal research/analysis, investigations, drafting court papers, preparing witnesses, and the like.

**D.    Outcome of Representation**

The Parties acknowledge that, given the nature of legal matters, attorneys cannot possibly (or legally) guarantee the outcome of any Representation. The Parties, therefore, acknowledge that no Party has relied on any inducements, opinions, promises, or representations other than as stated in this Contract in their respective decisions to enter into this Contract. Further, the Clients acknowledge that legal opinions are, by definition, opinions and not guarantees due to incomplete information and unpredictable future events. Finally, the Clients acknowledge that Fraley cannot be responsible for the outcome of any Representation to the extent that the Clients do not cooperate with Fraley in a Representation or follow Fraley's advice regarding a Representation. Nothing in this Contract, however, constitutes a release or waiver of any claim against Fraley, including any claim for legal malpractice in any Representation.

**E.    Conflicts of Interest**

**1.    Existing Conflicts**

At the outset of each Representation, the Clients will provide Fraley with names of all persons who are, or whom the Clients expect to become, involved in, or affected by, or likely to have an interest in such Representation, whether as allies, neutrals, or adversaries. Based on such information, Fraley will determine whether or not the Representation poses a potential or actual conflict of interest for Fraley. If so, Fraley may, in Fraley's sole and absolute discretion, require the Clients to obtain a signed, written Waiver of any such potential or actual conflict of interest from all appropriate persons before beginning work on such Representation.

**2.    Future Conflicts**

Except as stated in any Waiver, Fraley currently does not anticipate any other potential or actual conflicts of interest arising out of any Representation. The Clients understand, however, that, if any person becomes adverse to any of the Clients in the course of any Representation, Fraley will have to review whether or not such Representation poses an actual or potential conflict of interest for Fraley as to such additional adverse parties; if so, Fraley may have to cease representing some or all of the Clients in some or all of the Representations absent a waiver of any actual or potential conflict of interest for Fraley by the persons who create the conflict.

Attachment 4(b)
Page 0010

F&A 0096

**Exhibit 2
Page 012**

3.    **Joint Counsel Disclosure**

Unless and until the Clients instruct Fraley to the contrary in writing, the Clients hereby authorize Fraley to disclose information and material regarding any Representation, including information and material that would otherwise be privileged and confidential under various privileges and/or immunities, to other attorneys representing the Clients in any Representation or other matters who are identified in the Addenda.

4.    **Disqualification Fees/Expenses**

If any person seeks to disqualify Fraley from any Representation due to a potential or actual conflict of interest, and if the Clients wish to contest such disqualification, the Clients will pay all Fees/Expenses to contest such disqualification.

F.    **Clients' Responsibilities**

Fraley will rely on the Clients to cooperate fully with Fraley's work in every Representation by, among other things, providing Fraley with all information, documents, and other materials that Fraley may request, ensuring that such information, documents, and other materials are correct, making the Clients themselves, the Clients' representatives, and persons whom the Clients control available for consultation, interviews, and testimony, and responding to Fraley's requests for instructions as to how the Clients wish to proceed with each Representation, all in a timely fashion.

G.    **Payment of Fees/Expenses**

1.    **Fees**

To compensate Fraley for the legal services that Fraley provides to the Clients, the Clients will pay the Fees to Fraley.

2.    **Expenses**

a.    **Reimbursement**

The Clients will reimburse Fraley for all Expenses that Fraley incurs to provide the legal services to the Clients at Fraley's standard rates for in-house expenses (i.e., at the rates that Fraley charges all clients for such expenses) and in the actual amounts of outside expenses (i.e., the actual amounts that third-parties charge Fraley for such expenses).

Attachment 4(b)
Page 0011

F&A 0097

**Exhibit 2
Page 013**

**b.    Administration**

Fraley does not charge Fees for time spent reviewing/handling/paying Expense invoices that Fraley receives for Representations. The Clients, therefore, will pay Fraley an additional charge for all Expenses equal to ten percent of the gross amount of each Expense invoice, with a maximum of US $50.00 per Expense invoice, as an additional Expense to compensate Fraley for time spent reviewing/handling/paying Expense invoices.

**c.    Incurring Expenses**

Fraley may incur any Expense less than US $1,000.00 without the Clients' prior approval; Fraley will not incur any expense greater than US $1,000.00 without the Clients' prior approval. The Clients consent to Fraley's incurring the Expenses necessary to scan/blow-back any files that the Clients' former attorneys turn over to Fraley. Fraley, in his discretion, may require the Clients to contract separately and directly with third-parties for significant, on-going Expenses.

**d.    Expense Advances**

If Fraley anticipates that any Representation will require Fraley to incur a significant Expense, Fraley may require the Clients to advance a sufficient amount of money to pay such Expense as an additional Retainer before Fraley incurs that Expense. Under no circumstances shall Fraley bear any obligation to advance money to pay any Expense to protect the Clients' interests in any Representation, but Fraley may, in Fraley's sole and absolute discretion, do so, in which case the Clients shall reimburse Fraley for such Expense within ten (10) days after Fraley requests that the Clients do so.

**3.    Estimates**

From time to time, Fraley may furnish the Clients with estimates of the amount of Fees/Expenses that the Clients have incurred or likely will incur for various aspects of each Representation. Given the nature of legal services, such estimates are necessarily inexact and not binding. Absent a specific written agreement, therefore, any estimates that Fraley might make are for the Clients' planning purposes only and remain subordinate to the amount of Fees/Expenses that Fraley invoices to the Clients based on the actual amount of time Fraley spends working on, and the expenses that Fraley actually incurs for, each Representation.

Attachment 4(b)
Page 0012

F&A 0098

**Exhibit 2
Page 014**

**4.     Invoicing**

Fraley will issue invoices to the Clients for all Fees/Expenses that the Clients incur for each Representation.  The Clients will pay each invoice within thirty days, normally, or fourteen days, if during the three months preceding any trial or similar evidentiary proceeding in any Representation, after Fraley issues each invoice.  If the Clients do not object to any invoice that Fraley sends to the Clients within thirty days, normally, or fourteen days, if during the three months preceding any trial or similar evidentiary proceeding in any Representation, after Fraley issues each invoice, the Clients accept that invoice as correct and payable.

**5.     Interest**

If the Clients fail to pay any invoice that Fraley issues to the Clients in full when due, the unpaid principal balance of that invoice will accrue interest at the rate of one and one-half percent (1½ %) per month, or the highest rate allowed by applicable law, beginning on the date on which Fraley issued the invoice.  The Parties do not intend to violate any law governing the rates, charging, or collection of interest.  If any adjudicator of competent jurisdiction determines that any law governing the rates, charging, or collection of interest, including, but not limited to, any usury law or the Truth-in-Lending Act, this paragraph shall be void ab initio and any payments that any person made toward interest under this paragraph shall be deemed to have been applied, and shall be applied, to unpaid Fees and Expenses.

**6.     Joint Liability**

Each Client acknowledges that:

Depending on the nature of any given representation, the work that Fraley performs may benefit some clients, and not others, or all of the Clients; and, therefore,

    **a.**     Fraley may not be able to allocate Fees or Expenses for the work that Fraley performs to any particular Client in any rational or practical manner.

    **b.**     Unless the Parties agree otherwise in an Addendum for a particular Representation, each Client agrees to be both separately and fully liable, and jointly liable with all other Clients, to Fraley for all Fees and Expenses.

**7.      Consent to Payment by Other Clients**

Each Client acknowledges that some or all of the Clients may pay some or all of the Fees and Expenses due Fraley from other Clients for any given Representation.   Unless the Parties agree otherwise in an Addendum for a particular Representation, therefore, each Client consents to all other Clients' paying any or all Fees and Expenses due Fraley from any or all Clients for any given Representation.

**H.      Retainer**

**1.      Deposit**

As a condition precedent to serving as the attorney for the Clients in each Representation, the Clients will deliver the Retainer specified in each Addendum to Fraley.  Fraley will hold the Retainer in the Trust Account as long as Fraley continues to serve as attorney for the Clients in any Representation.

**2.      Increase for Specific Tasks**

Fraley may, in Fraley's sole discretion, require the Clients to increase the Retainer to an amount necessary to cover the amount of Fees and Expenses that Fraley estimates the Clients will incur for any event/task in any Representation, including, but not limited to,:

   --any Expense;
   --filing any motion by the Clients;
   --opposing any motion for the Clients;
   --serving or responding to written discovery;
   --taking/defending depositions; and/or
   --work during the three months prior to trial and trial.

The Clients will deliver the amount necessary to increase the Retainer to Fraley within ten (10) days after Fraley requests that the Clients do so.  If the Clients fail to increase the Retainer after Fraley requests the Clients do so, Fraley may cease to render services to the Clients immediately for any and all Representations to the extent that Fraley can do so without causing prejudice to the Clients.

**3.      Use**

Fraley may apply that portion of any Retainer necessary to pay any Expense in full at the time Fraley incurs the Expense, regardless of whether or not Fraley has invoiced the Expense to the Clients and regardless of whether or not the Expense and the Retainer are for the same or different Representations.  Fraley may apply that portion of the Retainer necessary to pay any invoice for any

Legal Services Contract
Kessler/DK Art Publishing

Attachment 4(b)
Page 0014

F&A 0100

**Exhibit 2
Page 016**

Representation, regardless of whether or not the invoice and the Retainer are for the same or different Representations, that Fraley issues to the Clients to pay the invoice in full on the date that Fraley issues the invoice.

**4.    Replenishment**

If Fraley applies all or a portion of any Retainer to pay any Expense or any invoice that Fraley issues to the Clients, the Clients agree to replenish the Retainer within ten (10) days after a request by Fraley that the Clients do so.  If the Clients fail to replenish any Retainer in accord with this Contract, Fraley may cease to render services to the Clients immediately for any/all Representations to the extent that Fraley can do so without causing prejudice to the Clients.

**5.    Interest**

The Clients understand and agree that, because of the rules of the California State Bar, the Clients will not receive any interest that any Retainer earns while on deposit in the Trust Account; the bank at which Fraley maintains the Trust Account will pay any interest earned on any Retainer directly to the California State Bar.

**6.    Refund**

Fraley will refund to the Clients whatever portion, if any, of the Retainer that remains unused within sixty days after either the Clients or Fraley terminates all Representations or all Representations conclude.  If any of the Clients dispute any Fee or Expense that Fraley invoices to the Clients, Fraley will hold the amount of the Retainer necessary to pay the disputed Fee or Expense and any interest on the disputed Fee or Expense in the Trust Account until the Parties resolve the dispute and immediately refund to the Clients any unused and unneeded balance of the Retainer.

**I.    Case Proceeds**

**1.    Payment of Proceeds/Lien**

All Case Proceeds will be made payable to, transferred to the name of, and delivered to, Fraley, in trust for the Clients, whether before or after the conclusion/termination of any Representation.  The Clients grant Fraley a lien on all Case Proceeds equal to the amount of all unpaid Fees and Expenses, and all accrued interest on all unpaid Fees and Expenses, for all Representations, whether billed or unbilled, whether disputed or undisputed, until resolved by payment or settlement.

Attachment 4(b)
Page 0015

F&A 0101

**Exhibit 2
Page 017**

**2.      Deposits**

Upon receiving any monetary Case Proceeds, Fraley will deposit the Case Proceeds into the Trust Account.   Upon receiving any non-monetary Case Proceeds, Fraley will hold all non-monetary Case Proceeds in trust in a place/manner that Fraley deems appropriate.

**3.      Disposition**

Within sixty days after receiving any monetary Case Proceeds, Fraley will disburse the monetary Case Proceeds in the following order of priority until exhausted:

> **a.**      To reimburse Fraley for any unreimbursed Expenses;
>
> **b.**      To pay Fraley for any unpaid Fees;
>
> **c.**      To the Clients or the Clients' designee/s.

Within sixty days after receiving any non-monetary Case Proceeds, Fraley will dispose of the non-monetary Case Proceeds as Fraley and the Clients agree.  If any of the Clients dispute any Fee or Expense that Fraley invoices to the Clients, Fraley will hold the amount of the Case Proceeds necessary to pay the disputed Fee or Expense and any interest on the disputed Fee or Expense in the Trust Account, if the Case Proceeds are money, and in a place/manner that Fraley deems appropriate, if the Case Proceeds are not money, until the Parties resolve the dispute and immediately refund to the Clients any unused and unneeded Case Proceeds.

**J.    Term/Termination**

**1.      Effective Date/Term**

This Contract will take effect upon execution and delivery of this Contract and remain in effect until either all of the Representations conclude or the Clients or Fraley terminates this Contract as to all Representations in accord with the terms of this Contract.

**2.      Retroactivity**

The Parties acknowledge that Fraley may have begun providing legal services to the Clients in any given Representation prior to the date of this Contract and/or the Addendum for such Representation depending on the circumstances of any given Representation.  This Contract, therefore, shall apply to all work that Fraley performs and all Expenses that Fraley incurs for each Representation whether such work occurred or Expense arose before or after the date of this Contract or

Attachment 4(b)
Page 0016

F&A 0102

**Exhibit 2
Page 018**

the date of the Addendum for such Representation unless otherwise specified in the Addendum for such Representation.

**3.    At-Will Termination**

    **a.**    Any Client may terminate any Representation as to him/herself, but not as to any other Client, at any time, regardless of reason, by giving written notice of such termination to Fraley.

    **b.**    Fraley may terminate any Representation as to any or all of the Clients at any time, regardless of reason, by giving ten days' advance written notice to all Clients.

**4.    Cessation of Legal Services**

Fraley will cease to render legal services to the Client/s immediately after receiving/sending notice of such termination to the extent that Fraley can do so without causing prejudice to the Client/s in the terminated Representation.

**5.    File Disposition**

    **a.    Transfer**

    Fraley will cooperate with the Client/s in transferring Fraley's file on any Representation to the person/s whom the Client/s designate when any Representation concludes or terminates as the Client/s may instruct in written and signed instructions.

    **b.    Storage**

    If the Client/s fail/s to instruct Fraley to whom to transfer Fraley's file on any Representation when any Representation concludes or terminates, Fraley may, without further notice, store Fraley's file on the Representation until the Client/s direct/s otherwise.

    **c.    Destruction**

    If the Client/s fail/s to instruct Fraley to whom to transfer Fraley's file on any Representation when any Representation concludes or terminates, Fraley may give the Client/s notice that Fraley will destroy Fraley's file on the Representation unless the Client/s instruct otherwise.

    **d.    Preservation/Multiple Distribution**

    Prior to transferring any file on any Representation to any other person upon the conclusion or termination of any Representation, Fraley may

Attachment 4(b)
Page 0017

F&A 0103

**Exhibit 2**
**Page 019**

scan/blow-back such file for Fraley. If fewer than all of the Clients terminate a Representation simultaneously, or if Fraley terminates a Representation as to fewer than all of the Clients simultaneously, Fraley, at Fraley's option, will provide the termintated/terminating Client/s with an opportunity to scan/blow-back Fraley's file on the terminated Representation at an independent registered photocopying service or provide the terminating/terminated Client/s with a blow-back of Fraley's file on the terminated Representation.    If all Clients terminate a Representation simultaneously, or if Fraley terminates a Representation as to all of the Clients simultaneously, Fraley will scan/blow-back Fraley's file on the terminated Representation for Fraley and for each of the Clients who requests a separate copy.

**6.      Substitutions/Withdrawal Motions**

The Client/s will deliver a signed substitution/s-of-attorneys to Fraley in any Action in which Fraley has appeared for the Client/s within ten (10) business days after the Client/s or Fraley terminates the Representation for that Action.  If the Client/s fail/s to do so, Fraley may seek leave of the body before which the Action is pending to withdraw as attorney of record for the Client/s and may disclose otherwise privileged and confidential attorney-client communications or attorney work-product to the extent necessary to obtain such leave.

**7.      Fees/Expenses**

The conclusion or termination of any Representation will not relieve any Client/s of the obligation to pay all Fees/Expenses due for any Representation.  Fraley will issue invoices to the Client/s in accord with this Contract for all Fees/Expenses for all legal services that Fraley provided in all Representations, which will include Fees/Expenses to (1) scan/blow-back Fraley's file on any Representation for Fraley and/or any of the Client/s, (2) store and/or transfer Fraley's file, or a blow-back of Fraley's file, on any Representation, (3) obtain a substitution/s-of-attorneys from any of the Client/s for any Action, (4) seek leave to withdraw as attorney of record for any of the Client/s in any Action, and (5) provide advice/assistance to any of the Client/s and/or any of the Client/s' new attorneys and/or professional advisors after conclusion or termination of any Representation.

**K.     Survival**

All obligations created by this Contract will survive the conclusion or termination of any Representation and this Contract as necessary to give full effect to this Contract.

Attachment 4(b)
Page 0018

F&A 0104

**Exhibit 2
Page 020**

**L.**    **Consideration**

The consideration recited in this Contract is the sole and only consideration for this Contract, which each Party acknowledges is legally sufficient.

**M.**    **Taxes**

    **1.**    **Case Proceeds**

The Clients will remain personally responsible for the tax characterization of, and all taxes, if any, due on, the Case Proceeds regardless of the effect of the Fees/Expenses on the calculation of such taxes; the Fees/Expenses shall remain due and payable/reimbursable regardless of any taxes that the Clients may owe on the Case Proceeds.

    **2.**    **Fees/Expenses**

Fraley will remain personally responsible for the tax characterization of, and all taxes due on, the Fees/Expenses after receiving the Fees/Expenses.

**N.**    **Representations/Warranties**

Each Party, for her/him/itself alone and for no other Party, represents to all other Parties that:

    **1.**    The Party has all necessary power and authority to execute, deliver, perform, and/or comply with, this Contract.

    **2.**    The Party, or its authorized agent, has duly authorized, executed, and delivered this Contract, and that this Contract constitutes a legal and binding agreement, enforceable against the Party in accord with the terms of this Contract.

    **3.**    The Party's execution, delivery, performance of, and compliance with, this Contract will not violate or conflict with the terms of any agreement, instrument, order, judgment, or applicable law, statute, regulation, or rule to which the Party or any assets of the Party is bound and will not require the Party to file or register with, or obtain any permit, authorization, consent, or approval of, any governmental or regulatory authority.

    **4.**    There is no existing or potential Action by which any third party, prior creditor or claimant of the Party, or non-party seeks to restrain, prohibit, or invalidate the Party's execution, delivery, performance of, and/or compliance with, this Contract.

Attachment 4(b)
Page 0019

F&A 0105

**Exhibit 2**
**Page 021**

5.    No third party or non-party, including, but not limited to, brokers, agents, other attorneys, or referral services, is entitled to a commission, finder's fee, referral fee, or similar payment arising out of, or relating to, this Contract.

**O.**    **Notices**

The Parties will send all notices or other communications necessary under this Contract, and any agreement, instrument, or paper to be delivered or served on the Parties for which this Contract expressly provides, other than notices, communications, agreements, instruments, and papers for the day-to-day purpose of carrying out any Representation or service of process in any Action between/among any of the Parties, in writing by first class United States mail, or any equivalent or better means of delivery, including, but not limited to, courier delivery services, with all delivery charges prepaid. Such notices or communications will be deemed given, and such agreements, instruments, or papers will be deemed delivered, served, or received (as appropriate) on the date sent. The Parties will send all such notices or other communications and all such agreements, instruments, or papers to the following addresses:

|  |  |
|---|---|
| To the Clients: | Ms. Drita Kessler<br>Apt. 302<br>12221 San Vicente Blvd.<br>Los Angeles CA  90049 |
| To Fraley: | Franklin R. Fraley, Jr.<br>Fraley & Associates<br>31st Flr.<br>555 W. 5th St.<br>Los Angeles CA  90013 |

Each Party may change the address stated above for him/herself as such Party deems necessary by sending notice of such change in the manner that this section IV(O) provides.

**P.**    **Successors/Assigns**

No Party may assign this Contract without the express, written consent of all other Parties, which each Party may give or withhold in such Party's sole and absolute discretion. Any purported assignment of this Contract by any Party without the written consent of all other Parties will be void ab initio. This Contract will bind, and inure to the benefit of, the legally or contractually permitted successors and assigns of the Parties.

**Q.**    **No Third Party Beneficiaries**

This Contract does not constitute a contract for the benefit of any third party, any prior creditor or claimant of any Party, or any non-party in any manner whatsoever. No Party

has the right to commit any other Party to any agreement with any third party, any prior creditor or claimant of any Party, or any non-party without the prior written consent of all Parties.

**R.    Subpoenas**

If any person serves any process or discovery request on Fraley that requires Fraley to produce any document, thing, or information relating to this Contract, any Addenda, or any Representation, other than in an Action between a/the Client/s and Fraley, the Client/s shall pay Fraley for all time and expenses and reasonable attorneys' fees, expenses, and costs and expert fees and expenses incurred to respond to that legal process or discovery request.

**S.    Choice of Law**

The laws of the State of California, including statutes of limitation and/or laches, but not including conflicts of laws and any laws governing arbitration, and the Federal Arbitration Act will govern the interpretation, application, and enforcement of this Contract except to the extent that the laws of the United States of America pre-empt the laws of the State of California.

**T.    Choice of Forum**

    **1.    Arbitration**

    The Parties agree to submit any controversy or claim of whatever nature, regardless of legal theory, between or among any or all of the Parties arising out of, or related to, this Contract and any Representation, including, but not limited to, breaches of contract, breaches of fiduciary duty, disputes over Fees/Expenses/Retainers/Case Proceeds, and malpractice, to binding arbitration before a single, neutral arbitrator with the American Arbitration Association under the Commercial Arbitration Rules. The arbitration will take place in Los Angeles County, California. The Parties will select the arbitrator by agreement when the controversy or claim arises or, if the Parties cannot select a single, neutral arbitrator by agreement within thirty days after any Party demands arbitration, then the Parties will select the arbitrator through the AAA's random assignment/elimination process.

    **2.    Arbitrator's Fees**

    Each party to the arbitration will pay a pro rata share of the Arbitrator's fees for the arbitration subject to recovery as an item of costs pursuant to paragraph IV(V) of this Contract in the final award. For the purpose of allocating the arbitrator's fees, each party to the arbitration will count as a separate party even if related or jointly represented.

Legal Services Contract
Kessler/DK Art Publishing

Page 18 of 21

Attachment 4(b)
Page 0021

F&A 0107

**Exhibit 2
Page 023**

### 3.    Cooperation

If any Party/ies fail/s to cooperate in selecting an arbitrator, paying the
arbitrator's fees, or conducting the arbitration, the other Party/ies may select an
arbitrator who then may enter a default award against the Party/ies who fail/s to
cooperate (a) based the minimum proof that the law requires as to claims
against the Party/ies who fail to cooperate and (b) based solely on the default,
without proof, as to claims by the Party/ies who fail to cooperate.

### 4.    Waiver of Jury Trial/Appeal

**The Parties acknowledge and understand that, by agreeing to arbitrate any
claim or controversy among/between them arising out of, or related to this
Contract and any Representation, the Parties have waived their respective
rights to a jury trial, limited or eliminated their rights to discovery, and
agreed to a binding decision with no right to appeal for such claims or
controversies.**

DK          FRF

### 5.    Voluntary Non-Binding Fee Arbitration

Nothing in this Contract constitutes a waiver by the Clients of the right to engage
in any non-binding arbitration of disputes relating to the amount of
Fees/Expenses in a program administered under the auspices of the California
State Bar.  Paragraphs IV(T)(1)-(4) shall govern the Parties' right to trial de novo
after any such non-binding arbitration unless prohibited by law, in which case
paragraphs IV(T)(1)-(4) shall be void as though paragraphs IV(T)(1)-(4) never
existed.

### 6.    Court Action

If applicable law requires the Parties to submit any controversy or claim of
whatever nature, regardless of legal theory, between or among any or all of the
Parties arising out of, or related to, this Contract and any Representation,
including, but not limited to, breaches of contract, breaches of fiduciary duty,
disputes over Fees/Expenses/Retainers/Case Proceeds, and malpractice,
notwithstanding paragraphs IV(T)(1)-(5), then the Parties will submit such
controversy or claim to the Superior Court of the State of California for the
County of Los Angeles, Central District (the "Court").  The Parties waive all
objections to the personal jurisdiction and venue of the Court for such
controversies or claims.

Attachment 4(b)
Page 0022

F&A 0108

**Exhibit 2
Page 024**

**U.     Remedies**

The Parties retain the right to seek any and all pre-judgment remedies to which each Party would otherwise be entitled in any Action between/among the Parties notwithstanding paragraph IV(T); nothing in this Contract shall preclude any Party from filing any Action ancillary to any arbitration to obtain any pre-judgment remedy.  The Parties waive any legal requirement that the party seeking such pre-judgment remedy prove that the arbitrator's award will be ineffective without such pre-judgment remedy.

**V.     Attorneys' Fees/Expenses/Costs**

In any Action, regardless of legal theory, arising out of, or related to, this Contract and any Representation, including, but not limited to, breaches of contract, breaches of fiduciary duty, disputes over Fees/Expenses/Retainers/Case Proceeds, and malpractice, the prevailing Party/ies will recover the actual amount of attorneys' fees, expenses, and costs, including expert witness fees and expenses, incurred in such Action, whether or not paid, from the losing Party/ies.  If Fraley represents himself, whether solely or in association with other counsel, in such Action, Fraley will be entitled to recover the value of his time/expenses for the legal work that Fraley performs for himself in such Action as attorneys' fees, expenses, and costs, including expert witness fees and expenses, as calculated based on the Billing Rates, but not time/expenses spent/incurred solely in Fraley's capacity as a party to such Action (as opposed to performing legal work in such Action).

**W.     Waiver, Modification, and Amendment**

The Parties may not waive any provision of this Contract except by a written agreement that all Parties have signed; a waiver of any provision of this Contract will not constitute a waiver of any other provision.  The Parties may modify or amend this Contract only by a written agreement that all Parties have signed.

**X.     Titles and Captions**

The Parties have inserted the paragraph titles in this Contract only as a matter of convenience and for reference, and the paragraph titles in no way define, limit, extend, or describe the scope of this Contract or the intent of the Parties in including any particular provision in this Contract.

**Y.     Severability**

If any adjudicator of competent jurisdiction determines that any provision of this Contract is illegal, void, voidable, or unenforceable, such provision shall be severed from this Contract and replaced, so far as possible, with a provision that achieves the Parties' intent in agreeing to the original provision, and all other provisions of this Contract shall remain fully enforceable.

**Z.**    **Advice of Counsel**

Each Party acknowledges and agrees that such Party has given mature and careful thought to this Contract, has had the opportunity to review this Contract independently with legal counsel of her/his/its choice, and/or has the requisite experience and sophistication to understand, interpret, and agree to the particular language of this Contract. In the event of any ambiguity in, or dispute regarding the interpretation of, this Contract, the Parties agree that no one will resolve any ambiguity in, or dispute regarding the interpretation of, this Contract by any rule providing for interpretation against the Party who causes the uncertainty to exist or against the draftsman.

**AA.**    **Further Assurances**

The Parties agree to execute, in a timely manner, any and all documents that are, or may be, necessary to give full effect to this Contract.

**BB.**    **Execution**

The Parties may execute this Contract in one or more counterparts, each of which constitutes an original, and all of which constitute one and the same Contract.    A facsimile or copy of this Contract executed by the Parties, whether complete or in counterparts, will constitute sufficient evidence of the originals of this Contract for all purposes.

**IV.**
**SIGNATURES**

Dated:  8 February 2007

**DRITA KESSLER**
an individual

Drita Kessler

Dated:  8 February 2007

**DK ART PUBLISHING, INC.**
a California corporation

By:

Drita Kessler
President

Dated:  8 February 2007

**FRANKLIN R. FRALEY, Jr.**
an individual doing business as
**FRALEY & ASSOCIATES**

Franklin R. Fraley, Jr.

Attachment 4(b)
Page 0024

F&A 0110

**Exhibit 2**
**Page 026**

## LEGAL SERVICES CONTRACT
### ADDENDUM NO. 1

The Clients, on the one hand, and Fraley, on the other hand, enter into this Addendum No. 1 to the Legal Services Contract between them dated 8 February 2007.

**A.      Representation**

Fraley shall represent the Clients in connection with the corporate and commercial affairs of DK Art Publishing, Inc., including, but not limited to, corporate status, governance, compliance, and records and commercial transaction compliance, forms, and negotiations, as the Clients may, from time to time, request.

**B.      Retainer**

The Clients will deliver a Retainer to Fraley in the amount of US $12,500.00 to be applied toward all representations pursuant to the terms of the Legal Services Contract.

**C.      Conflicts of Interest**

Based on the information that the Clients have given to Fraley, Fraley is not aware of any potential or actual conflict of interest for Fraley in representing the Clients.

Dated:  8 February 2007                      **DRITA KESSLER**
                                             an individual

                                             Drita Kessler

Dated:  8 February 2007                      **DK ART PUBLISHING, INC.**
                                             a California corporation

                                             By:
                                             Drita Kessler
                                             President

Dated:  8 February 2007                      **FRANKLIN R. FRALEY, Jr.**
                                             an individual doing business as
                                             **FRALEY & ASSOCIATES**

                                             Franklin R. Fraley, Jr.

Legal Services Contract—Addendum No. 1                        Page 1 of 1
Kessler/DK Art Publishing

## LEGAL SERVICES CONTRACT
### ADDENDUM NO. 2

The Clients, on the one hand, and Fraley, on the other hand, enter into this Addendum No. 2 to the Legal Services Contract between them dated 8 February 2007.

**A.**    **Representation**

Fraley shall represent the Clients in connection with:

> --all claims that the Clients now own or may own in the future against F. Korbel & Bros., Inc. ("Korbel"), and the Artists Rights Society, arising out of, or related to, a transaction between DK Art Publishing, Inc., and Korbel relating to using images of the painting entitled "Femme bleue a la Guitare" by Tamara de Lempicka; and

> --in the action entitled F. Korbel & Bros., Inc. v. Kessler, Case No. BC 363 641 (Super. Ct. Cal., Los Angeles Cty., Central Dist., filed 19 December 2006)

(the "Representation").

**B.**    **Conflicts of Interest**

Based on the information that the Clients have given to Fraley, Fraley is not aware of any potential or actual conflict of interest for Fraley in representing the Clients.

Dated:  8 February 2007

**DRITA KESSLER**
an individual

Drita Kessler

Dated:  8 February 2007

**DK ART PUBLISHING, INC.**
a California corporation

By:
Drita Kessler
President

Dated:  8 February 2007

**FRANKLIN R. FRALEY, Jr.**
an individual doing business as
**FRALEY & ASSOCIATES**

Franklin R. Fraley, Jr.

Legal Services Contract—Addendum No. 2                    Page 1 of 1
Kessler/DK Art Publishing

Attachment 4(b)
Page 0026

F&A 0112

# Exhibit 2
# Page 028

<u>**LEGAL SERVICES CONTRACT**</u>
<u>**ADDENDUM NO. 3**</u>

The Clients, on the one hand, and Fraley, on the other hand, enter into this Addendum No. 3 to the Legal Services Contract between them dated 8 February 2007.

**A.**    <u>**Representation**</u>

Fraley shall represent the Clients in connection with all claims that the Clients now own or may own in the future against City Art, Inc. ("City Art"), arising out of, or related to, an inventory of art and antiques that the Clients consigned to City Art.

**B.**    <u>**Conflicts of Interest**</u>

Based on the information that the Clients have given to Fraley, Fraley is not aware of any potential or actual conflict of interest for Fraley in representing the Clients.

Dated:  8 February 2007

**DRITA KESSLER**
an individual

_____
Drita Kessler

Dated:  8 February 2007

**DK ART PUBLISHING, INC.**
a California corporation

By: _____
Drita Kessler
President

Dated:  8 February 2007

**FRANKLIN R. FRALEY, Jr.**
an individual doing business as
**FRALEY & ASSOCIATES**

_____
Franklin R. Fraley, Jr.

Legal Services Contract—Addendum No. 3
Kessler/DK Art Publishing

Page 1 of 1

Attachment 4(b)
Page 0027

F&A 0113

**Exhibit 2**
**Page 029**

## LEGAL SERVICES CONTRACT
## ADDENDUM NO. 4

The Clients, on the one hand, and Fraley, on the other hand, enter into this Addendum No. 4 to the Legal Services Contract between the Clients, on the one hand, and Fraley, on the other hand, dated 8 February 2007.

**A.**     **Representation**

Fraley shall represent the Clients in connection with all claims that the Clients now own or may own in the future against Dr. Siamak Ourian, also known as Dr. Simon Orion, and Epione Medical Corporation (the "Epione Defendants"), arising out of, or related to, works of art that the Clients sold and delivered to the Epione Defendants.

**B.**     **Conflicts of Interest**

Based on the information that the Clients have given to Fraley, Fraley is not aware of any potential or actual conflict of interest for Fraley in representing the Clients.

Dated:  26 June 2008                              **DRITA KESSLER**
                                                  an individual


                                                  _____
                                                          Drita Kessler


Dated:  26 June 2008                              **DK ART PUBLISHING, INC.**
                                                  a California corporation

                                                  By: _____
                                                      Drita Kessler
                                                      President


Dated:  26 June 2008                              **FRANKLIN R. FRALEY, Jr.**
                                                  an individual doing business as
                                                  **FRALEY & ASSOCIATES**

                                                  _____
                                                      Franklin R. Fraley, Jr.


Legal Services Contract—Addendum No. 4                              Page 1 of 1
Kessler/DK Art Publishing


                                                          Attachment 4(b)
                                                          Page 0028


                                                          F&A 0114

                                                          **Exhibit 2**
                                                          **Page 030**