THE DAVID FIRM®
Henry S. David-State Bar No. 89297
*hdavid@davidfirm.com*
Hayim M. Gamzo-State Bar No. 307033
*hgamzo@davidfirm.com*
3145 S. Sepulveda Blvd., 11th Fl.
Los Angeles CA  90034
Tel    424-271-4570

Attorneys for Plaintiff
FRANKLIN R. FRALEY, JR., an
individual and d/b/a FRALEY &
ASSOCIATES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

(Western Division)

FRANKLIN R. FRALEY, JR., an individual and d/b/a FRALEY & ASSOCIATES,

Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., a Wisconsin corporation; and DOES 1 through 10,

Defendants.

CASE NO. 2:18-cv-00722-AB-JPR

**Assigned for All Purposes To:**
   **Hon. André Birotte, Jr.**
   **Courtroom 7B**

**PLAINTIFF'S MOTION *IN LIMINE* NO. 2**

**DECLARATION OF FRANKLIN R. FRALEY, JR., FOR MOTION BY FRANKLIN R. FRALEY, JR., D/B/A FRALEY & ASSOCIATES, FOR ORDER EXCLUDING EVIDENCE RELATED TO ALLEGED DELAY BY PLAINTIFF IN INITIATING ARBITRATION/LAWSUITS**

**JURY TRIAL—First Day**

Date:        **July 23, 2019**
Time:        **8:30 a.m.**
Place:       **Courtroom 7B**

**Complaint Filed:  January 29, 2018**

-1-

Fraley Decl. for F&A's Motion *in Limine* No. 2—Delay in Bringing Suit

THE DAVID FIRM®
LAW OFFICES
3415 S. Sepulveda Blvd., 11th Fl.
Los Angeles, California 90034
(424) 271-4570

I, Franklin R. Fraley, Jr., declare:

**Foundation**

1.      I am over the age of eighteen and a party to this action.  I am an attorney licensed to practice law before the courts of the State of California.  I own/operate a law firm doing business as Fraley & Associates ("F&A").

2.      As the principal of F&A, I was primarily responsible for managing the relationship between F&A and F&A's former clients defaulted Third-Party Defendants DK Art Publishing, Inc. ("DK Art"), and Drita Kessler ("Kessler," and together with DK Art, "DK/K") during the time that F&A represented DK/K.

3.      I personally participated in the events that I describe in this declaration.

4.      Therefore, I have first-hand, personal knowledge of the facts that I state in this declaration and, if called to testify, could and would testify competently to these facts.

**DK/K's Grant of Contractual Attorney's Lien to F&A**

5.      On or about February 8, 2007, at the request of Kessler, I drafted, and employees of F&A acting at my direction and in the ordinary course and scope of their employment sent, a letter to DK/K dated February 8, 2007, regarding, among other things, F&A's representation of DK/K in various matters and with which I enclosed, among other things, a then-proposed legal services contract that contained the then-proposed terms on which DK/K, as clients, would hire F&A, as attorneys, and three then-proposed addenda to the legal services contract that described the then-proposed matters in which F&A would represent DK/K (the "Disclosure Letter").  In the Disclosure Letter, I informed DK/K, among other things, that:

- the then-proposed legal services contract contains a term by which DK/K grants a lien to F&A on the proceeds of all matters in which F&A represents DK/K to pay F&A's fees and expenses for representing DK/K in all matters and the consequences of such a lien; and

THE DAVID FIRM®
LAW OFFICES
3415 S. Sepulveda Blvd., 11th Fl.
Los Angeles, California 90034
(424) 271-4570

-2-

Fraley Decl. for F&A's Motion *in Limine* No. 2—Delay in Bringing Suit

- F&A could not advise DK/K on the legal services contract, so DK/K should hire other, independent counsel to advise DK/K on the legal services Contract before DK/K signed the Legal Services Contract.

6.     On or about February 23, 2007, I met with Kessler at the then office of F&A to, among other things, sign the legal services contract and addenda.  During that meeting, I saw Kessler sign for DK/K, and then I signed for F&A, the:

- Legal Services Contract;

- Addendum No. 1 to Legal Services Contract ("Addendum No.1");

- Addendum No. 2 to Legal Services Contract ("Addendum No.2"); and

- Addendum No. 3 to Legal Services Contract ("Addendum No.3"),

as revised per Kessler's request (collectively, the "Legal Services Contract").  A true copy of the Legal Services Contract is attached to the moving appendix of evidence for this motion as Exhibit "2." (To the extent that an exhibit was marked in depositions in this action and/or marked as an exhibit in F&A's motions/opposition to motions for summary judgment, I use the number assigned to that exhibit; for any exhibit to this declaration that was not a previously marked exhibit, I number the exhibits consecutively, starting with the number after the last marked exhibit.)

7.     Subsequently, despite the term in the Legal Service Contract that required DK/K to pay F&A within thirty (30) days after F&A issues an invoice to DK/K, except for the three months before trial, during which time the term required DK/K to pay F&A within fourteen (14) days after F&A issues an invoice (Ex. 2, §IV.G.4), Kessler, on behalf of DK/K, and I, on behalf of F&A, agreed that DK/K would pay F&A as and when DK/K was able to pay F&A.  Indeed, Fraley and

THE DAVID FIRM®

LAW OFFICES
3415 S. Sepulveda Blvd., 11th Fl.
Los Angeles, California 90034
(424) 271-4570

-3-

Fraley Decl. for F&A's Motion *in Limine* No. 2—Delay in Bringing Suit

THE DAVID FIRM®

LAW OFFICES
3415 S. Sepulveda Blvd., 11th Fl.
Los Angeles, California 90034
(424) 271-4570

1  DK/K modified the LSC to relieve DK/K of any obligation to pay Fraley until

2  DK/K had the ability to pay.

3  **F&A's Representation of DK/K on Claims Against City Art/Saeidians**

4        8.     The Legal Services Contract and Addendum No. 3 provided, among

5  other terms, that F&A would represent DK/K on DK/K's claims against Non-

6  Parties City Art, Inc., Ben Saeidian, and David Saeidian (collectively, "CA/S").

7  F&A appeared as attorneys of record for one or both of DK/K in the following

8  twelve proceedings involving DK/K's claims against CA/S:

9       •    *DK Art Publ'g, Inc. v. City Art, Inc.*, Case No. BC 370 549

10  (Super. Ct. Cal., Cty. Los Angeles, Central Dist., filed 2007-05-07) (the

11  "City Art—Trial Court Action"), which included, the following appeals:

12          o    *DK Art Publ'g, Inc. v. City Art, Inc.*, Case No. B229122

13  (Cal. App., 2nd Dist., filed 2010-11-29);

14          o    *DK Art Publ'g, Inc. v. City Art, Inc.*, Case No. B232055

15  (Cal. App., 2nd Dist., filed 2011-03-30);

16          o    *DK Art Publ'g, Inc. v. City Art, Inc.*, Case No. B232915

17  (Cal. App., 2nd Dist., filed 2011-05-06);

18          o    *DK Art Publ'g, Inc. v. City Art, Inc.*, Case No. B236210

19  (Cal. App., 2nd Dist., filed 2011-09-22);

20          o    *City Art, Inc. v. Super. Ct.*, Case No. B236557 (Cal. App.,

21  2nd Dist., filed 2011-10-13);

22          o    *DK Art Publ'g, Inc. v. Super. Ct.*, Case No. B237073 (Cal.

23  App., 2nd Dist., filed 2011-11-04); and

24          o    *DK Art Publ'g, Inc. v. Super. Ct.*, Case No. S199101 (Cal.

25  App., 2nd Dist., filed 2012-01-03);

26       •    *City Art, Inc. v. Azadegan*, Case No. BC 476 405 (Super. Ct.

27  Cal., Cty. Los Angeles, Central Dist., filed 2012-01-06) (the "Azadegan-

28  Malpractice Action"); and

-4-

Fraley Decl. for F&A's Motion *in Limine* No. 2—Delay in Bringing Suit

- *City Art, Inc. v. Travelers Prop. Cas. Co.*, Case No. BC 445 179 (Super. Ct. Cal., Cty. Los Angeles, Central Dist., filed 2010-09-09) (the "Travelers—Coverage Action").

9.    In or about the fourth quarter of 2013, DK/K terminated DK/K's attorney-client relationship with F&A on all matters.

**Notice of F&A's Attorney's Lien**

10.    On or about October 29, 2013, employees of F&A acting at my direction and in the ordinary course and scope of their employment filed the Notice by Franklin R. Fraley, Jr., d/b/a Fraley & Associates, of Attorney's Lien in the Travelers—Coverage Action (the "Notice of Lien").  A true copy of the Notice of Lien is attached to the moving appendix of evidence for this motion as Exhibit "19."

11.    On or about October 29, 2013, employees of F&A acting at my direction and in the ordinary course and scope of their employment filed the Notice by Franklin R. Fraley, Jr., d/b/a Fraley & Associates, of Attorney's Lien in the Azadegan—Malpractice Action.  A true copy of that notice of lien is attached to the F&A Opp. Evid. App. as Exhibit "20."

**DK/K's New/Successor Counsel**

12.    After DK/K terminated F&A as DK/K's counsel in all matters:

- F&A later learned that Ford & Serviss, LLP ("F&S"), subsequently represented DK/K in the Travelers—Coverage Action.

- F&A also received notice that Beitchman | Zekian, P.C. ("BZ") also represented DK/K in various matters, including the Travelers—Coverage Action.

**The Final Arbitration Award Against DK/K**

13.    In or around March 2015, I suspected that DK/K had settled the Travelers—Coverage Action with CA/S and TPC/FGIU (the "Travelers

THE DAVID FIRM®
LAW OFFICES
3415 S. Sepulveda Blvd., 11th Fl.
Los Angeles, California 90034
(424) 271-4570

-5-

Fraley Decl. for F&A's Motion *in Limine* No. 2—Delay in Bringing Suit

THE DAVID FIRM®

LAW OFFICES
3415 S. Sepulveda Blvd., 11th Fl.
Los Angeles, California 90034
(424) 271-4570

1  Settlement"). TPC/FGIU, DK/K, and CA/S did so without ever paying or even

2  notifying me, despite my giving TPC/FGIU of the F&A Attorney's Lien.

3      14.    On June 26, 2015, F&A mailed a notice of DK/K's right to arbitrate

4  under the Mandatory Fee Arbitration Act (California Business and Professions

5  Code section 6200 et seq.) to DK/K at DK/K's last known address.

6      15.    After F&A mailed that notice of right to arbitrate, F&A and DK/K

7  attended a mediation to try to settle the disputes between them.

8      16.    After that mediation failed, F&A filed with the American Arbitration

9  Association F&A's demand to DK/K for binding arbitration pursuant to the Legal

10  Services Contract, commencing a contractual arbitration over the fee dispute

11  between F&A and DK/K (the "Arbitration"). DK/K and F&A extensively litigated

12  the F&A Attorney's Lien and the amounts that DK/K owed F&A.

13      17.    On or about January 22, 2018, the Arbitrator issued the Final

14  Arbitration Award, dated January 22, 2018. A true copy of the Final Arbitration

15  Award is attached to the moving appendix of evidence for this motion as Exhibit

16  "7."

17  **F&A's Initiating This Action Against TPC/FGIU**

18      18.    After the Arbitrator issued his Final Arbitration Award on January 22,

19  2018, a mere one week later, F&A filed this action against TPC/FGIU on January

20  29, 2018.

21  *    *    *

22      I declare under penalty of perjury under the laws of the United States of

23  America that the facts I state in this declaration are true.

24      I am signing this declaration on June 21, 2019 in Los Angeles, California.

25

26  _____
    Franklin R. Fraley, Jr.

27

28

-6-

Fraley Decl. for F&A's Motion *in Limine* No. 2—Delay in Bringing Suit