David Morales, Esq., SBN 191229
THE MORALES LAW FIRM
99 S. Almaden Blvd., Ste. 600
San Jose, CA  95113
Telephone: (888) 836-0880
E-Mail: Morales@Alum.MIT.edu

Attorneys for Specially-Appearing
Third-Party Defendants Drita Kessler
and DK Art Publishing, Inc.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN R. FRALEY, JR., an individual and d/b/a FRALEY & ASSOCIATES,<br><br>Plaintiff,<br><br>v.<br><br>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., a Wisconsin corporation; and DOES 1-10,<br><br>Defendants.<br><hr>TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation; and FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC.,<br><br>Third-Party Plaintiffs,<br><br>v.<br><br>DRITA KESSLER, an individual; DK ART PUBLISHING, INC., a California corporation,<br><br>Third-Party Defendants. | Case No. 2:18-CV-00722-AB-JPR<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**[Rule 11, 28 U.S.C. § 1927]**<br><br>[Filed concurrently with: Appendix 1: Summary of Facts and Prior Record; Request for Judicial Notice, Declarations of Drita Kessler and David Morales, Esq., and [Proposed] Order(s).]<br><br>**Hearing Date:** 10/20/2023<br>**Time:** 10:00 a.m.<br>**Courtroom:** 7B<br>**Before:** Hon. J. André Birotte, Jr.<br><br>**Third-Party Complaint Filed:** 6/14/2018 |

## TABLE OF CONTENTS

**Page**

**NOTICE OF MOTION AND MOTION** ......................................................... 1

**MEMORANDUM OF POINTS AND AUTHORITIES** ............................. 5

I. RELEVANT FACTS ........................................................................................... 5

II. APPLICABLE LAW ....................................................................................... 7

    A.  FRCP Rule 11 Sanctions ......................................................................... 7

    B.  28 U.S.C. Section 1927 Sanctions & The Court's Inherent Power ....... 8

III. LEGAL ARGUMENT ................................................................................. 10

    A.  Travelers' Attorneys Fraudulently Obtained The Default Judgments
    By Falsely Representing That They Had Properly Served Movants,
    Causing The Default Judgments To Be Void ........................................ 10

        1.  *Travelers' Purported Service Of Process Was Void On Its
            Face Because Travelers Failed To Comply With The Statute
            Governing Service Of Process Via A Commercial Mail
            Receiving Agency.* ........................................................................ 11

        2.  *Travelers' Attorneys Falsely Represented that they Effectuated
            Substitute Service On Movants At The CMRA when Substitute
            Service At A Private Mailbox Does Not Comply With
            C.C.P. § 415.20 (b) As A Matter Of Law.* ................................... 13

    B.  Contrary To The Law Of Indemnity, Travelers' Attorneys
    Falsely Represented To This Court That Movants Were Required
    To Indemnify Travelers For Its Own Active Negligence In
    Mishandling The Travelers Bad-Faith Settlement ................................ 15

    C.  Travelers' Attorneys Brought The Third-Party Action Against
    Movants In Bad Faith ............................................................................. 21

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

i

# TABLE OF CONTENTS
## (Cont.)

**Page**

D.  Travelers' Attorneys Intentionally Committed
Fraud On The Court ........................................................................24

IV. CONCLUSION ...............................................................................27

**L.R. 11-6.1 CERTIFICATE OF COMPLIANCE** .........................................30

**CERTIFICATE OF SERVICE** ........................................................................30

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

ii

# TABLE OF AUTHORITIES

**Page**

## STATUTES

### FEDERAL

28 U.S.C. § 1927............................................................. 1, 8, 14, 24-25, 27, n.7

### FEDERAL RULES OF CIVIL PROCEDURE

Federal Rule of Civil Procedure 4 (e) .............................................................10

Federal Rule of Civil Procedure 11.............................................................. 7-8

Federal Rule of Civil Procedure 11(b)(1). ................................................7, n.3

Federal Rule of Civil Procedure 11(b)(2). ...................... 1, 14, 24-25, 27, n.3

Federal Rule of Civil Procedure 11(b)(3). ...................... 1, 14, 24-25, 27, n.3

Federal Rule of Civil Procedure 11(c). ...........................................................1

Federal Rule of Civil Procedure 11(c)(1). .......................................................8

### CALIFORNIA

Business and Professions Code § 17538.5. .......................................... 3, 11-12

Business and Professions Code § 17538.5 (d). ............................10, 12, n.17

Business and Professions Code § 17538.5 (d)(1). .........................................11

Civil Code § 1439 .........................................................................................21

Code of Civil Procedure § 415.5.............................................................n.18

Code of Civil Procedure § 415.20 (b). .........................................................13

Code of Civil Procedure § 415.20 (c). .......................................... 3, 10-11

Corporations Code § 1702 ........................................................................n.18

Insurance Code § 533...........................................................................nn.27, 31

### CIVIL LOCAL RULES

Civil L.R. 7-3 ............................................................................... 1-2

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

iii

**TABLE OF AUTHORITIES**
(Cont.)

**Page**

**CASES**

**FEDERAL [U. S. SUPREME COURT]**

*Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) .................................. nn.13-14

*Cooter & Gell v. Hartmarx Corp.*, 110 U.S. 384 (1990) ........................ 7, n.3

*Pennoyer v. Neff,* 95 U.S. 714 (1877) ............................................. n.15

*Roadway Express, Inc. v. Piper*, 447 U.S. 752 (1980) ............................ n.13

**FEDERAL [9TH CIRCUIT APPELLATE COURT]**

*Alexander v. Robertson,* 882 F.2d 421 (9th Cir. 1989) ............................ n.36

*Bedal v. Hallack & Howard Lumber Co.,*
226 F.2d 526 (9th Cir. 1955) ................................................... nn.33-34

*Benny v. Pipes*, 799 F.2d 489 (9th Cir. 1986) ................................... n.15

*B.K.B. v. Maui Police Dept.*, 276 F.3d 1091 (9th Cir. 2002) ..................... n.8

*Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001) ................................... n.13

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.,*
No. 19-55846 (9th Cir. Dec. 22, 2020).. ....................................... n.28

*Golden Eagle Distributing Corp. v. Burroughs Corp.,*
801 F.2d 1531 (9th Cir. 2003) ................................................... n.5

*Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156 (9th Cir. 1987) .............. n.6

*In re Intermagnetics Am., Inc.,* 926 F.2d 912 (9th Cir. 1991) .................... n.36

*In re Keegan Mgmt. Co. Secur. Litig.*, 78 F.3d 431 (9th Cir. 1996) ............... 8

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

iv

1
2

**TABLE OF AUTHORITIES**
**(Cont.)**

**Page**

3

**CASES**

4
5

**FEDERAL [9TH CIRCUIT APPELLATE COURT] (CONT.)**

6
7

*Lahiri v. Universal Music & Video Distribution Corp.,*
606 F.3d 1216 (9th Cir. 2010)..........................................................n.8

8

*Mason v. Gensico Tech. Corp.*, 960 F.2d 849 (9th Cir. 1991).............nn.15, 17

9
10

*Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.,*
210 F.3d 1112 (9th Cir. 2000)..........................................nn.8, 10, 12

11
12

*Pumphrey v. Thompson Tool Co.,*
62 F.3d 1128 (9th Cir. 1995)........................................................n.36

13
14

*S.E.C. v. McCarthy*, 322 F.3d 650 (9th Cir. 2003)................................nn.9, 15

15
16

*Thos. P. Gonzalez Corp. v. Consejo Nacional de*
*Produccion de Costa Rica,* 614 F.2d 1247 (9th Cir. 1980).........................n.15

17

*Townsend v. Holman Consulting Grp.*, 914 F.2d. 1136 (9th Cir. 1990)........n.4

18
19

*Veeck v. Commodity Enterprises, Inc.,* 487 F.2d 423 (9th Cir. 1973) .........n.15

20
21

**FEDERAL [OTHER APPELLATE COURTS]**

22
23

*Auto Owners Mut. Ins. Co. v. N. Ind. Pub. Serv. Co.,*
414 F.2d 192 (7th Cir. 1969).......................................................n.31

24
25

*Brickwood Contractors, Inc. v. Datanet Engineering, Inc.,*
369 F.3d 385 (4th Cir. 2004).......................................................n.13

26
27

*Farmer v. Banco Popular of North America,*
791 F.3d 1246 (10th Cir. 2015)....................................................n.14

28

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.,* Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

v

**TABLE OF AUTHORITIES**
**(Cont.)**

Page

CASES

**FEDERAL [OTHER APPELLATE COURTS] (CONT.)**

*Gold Kist, Inc., v. Laurinburg Oil Co. Inc.*,
756 F.2d 14 (3rd Cir. 1985).............................................................n.17

*Guarnieri v. Kewanee-Ross Corp.*, 263 F.2d 413 (2nd Cir. 1959)...............n.31

*In re Bressman*, 874 F.3d 142 (3rd Cir. 2017) ................................. 14, 24-26, n.37

*Jensen v. Phillips Screw Co.*, 546 F.3d 59 (1st Cir. 2008) ...........................n.8

*Jones v. Illinois Central R.R. Co.*, 617 F.3d 843 (6th Cir. 2010)...................n.8

*Lamboy-Ortiz v. Ortiz-Vélez*, 630 F.3d 228 (1st Cir. 2010) ..................29, n.11

*Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267 (2d Cir. 2021) .................n.7

*Ridder v. City of Springfield*, 109 F.3d 288 (6th Cir. 1997) .......................n.13

*Ted Lapidus, S.A. v. Vann*, 112 F.3d 91 (2d Cir. 1997) ................................n.9

*Woodson v. Surgitek, Inc.*, 57 F.3d 1406 (5th Cir. 1995)............................n.14

**FEDERAL [CALIFORNIA DISTRICT COURTS]**

*Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610 (C.D. Cal. 1995) ...................13

*Paciulan v. George*, 38 F.Supp.2d 1128 (N.D. Cal. 1999) ..........................n.6

*Truesdell v. S. Cal. Permanente Med. Group*,
209 F.R.D. 169 (C.D. Cal. 2002) ...........................................................nn.3, 5

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

vi

## TABLE OF AUTHORITIES
### (Cont.)

**Page**

### CASES

**FEDERAL [OTHER DISTRICT COURTS]**

*Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.,*
8 F.Supp.2d 372 (S.D.N.Y. 1978)...............................................................n.17

*Chien v. Skystar Bio Pharmaceutical Co.,*
256 F.R.D. 67 (D. Conn. 2009)...................................................................n.3

**CALIFORNIA [SUPREME COURT]**

*Price v. Shell Oil Co.,*
2 Cal.3d 245 (1970) ...................................................................................n.22

*Prince v. Pac. Gas & Elec. Co.,*
45 Cal.4th 1151 (2009) ..............................................................................n.31

*Rossmoor Sanitation, Inc. v. Pylon, Inc.,*
13 Cal.3d 622 (1975) .......................................................... 17, nn.19-21, 24-26

*Vinnell Co. v. Pac. Elec. Ry. Co.,*
52 Cal.2d 411 (1959) .................................................................................n.22

**CALIFORNIA [APPELLATE COURTS]**

*Am. Int'l Specialty Lines Ins. Co. v. Continental Cas. Ins. Co.,*
142 Cal.App.4th 1342 (Ct. App. 2006)........................................................n.34

*De La Falaise v. Gaumont-British Picture Corp.,*
38 Cal.App.2d 461 (Cal. Ct. App. 1940) .....................................21, nn.32, 35

*Edmondson Property Mgt. v. Kwock,*
156 Cal.App.4th 197 (Cal. Ct. App. 2007) ..................................................n.20

*Kremerman v. White,*
71 Cal.App.5th 358 (Ct. App. 2021)..................................................... nn.16-17

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.,* Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

vii

TABLE OF AUTHORITIES
(Cont.)

**Page**

CASES

CALIFORNIA [APPELLATE COURTS] (CONT.)

*Levin v. Gulf Ins. Grp.*, 69 Cal.App.4th 1282 (Ct. App. 1999)..............19, n.30

*MacDonald & Kruse, Inc. v. San Jose Steel Co.*,
29 Cal.App.3d 413 (Ct. App. 1972)................................................nn.20, 25, 31

*Miller v. Rau*, 216 Cal.App.2d 68 (Ct. App. 1963)...................... 17, nn.29-31

*Siciliano v. Fireman's Fund Ins. Co.*,
62 Cal.App.3d 745 (Ct. App. 1976)...................................17-19, nn.23, 29-30

OTHER STATE COURTS

*Dravo Corp. v. Matthews-McCracken-Rutland Corp.*,
178 W.Va. 14 (W.V. App. Ct. 1987) ...................................................... n.33-34

*Holcim v. Ohio Cas. Ins. Co.*, 38 So.3d 722 (Ala. 2009)...........................n.31

*Mantilla v. N.C. Mall Assoc.*,
167 N.J. 262, 272-273 (N.J. S.Ct. 2001)...................................... nn.31, 33-34

*Maxim Tech., Inc. v. City of Dubuque*,
690 N.W.2d 896 (Iowa 2005) ...................................................................n.31

*Young v. Anaconda Am. Brass Co.*,
43 Wis.2d 910 (1969).................................................................................n.31

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

viii

## **NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, on **October 20, 2023 at 10:00 a.m. in Courtroom 7B** of the First Street Courthouse, 350 West First Street, Los Angeles, California 90012, specially-appearing, third-party defendants DRITA KESSLER and DK ART PUBLISHING, INC.,[1] will, and hereby do, specially appear and respectfully move the Court for an Order sanctioning the attorneys for TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA and FIDELITY AND GUARANTY INSURANCE UNDERWRITERS, INC., (collectively, "Travelers."), namely, AARON C. AGNESS, LEO L. ASHLEY III, and their law firm, WESTON & McELVAIN LLP (collectively, "Travelers' Attorneys"), pursuant to Federal Rule of Civil Procedure, Rule 11 (c), 28 U.S.C. § 1927, and this Court's inherent power.  As detailed below, Movants' counsel complied with **Civil Local Rule 7-3**.

This Motion for Sanctions ("Motion") is based on the fact that Travelers' Attorneys fraudulently obtained default judgments against Movants (and additional orders) by misrepresenting material facts and the applicable law to this Court in violation of the Federal Rules of Civil Procedure, Rule 11 (b) (2) and (b)(3), 28 U.S.C. § 1927, and other law.  More specifically:

1) Travelers' Attorneys fraudulently misrepresented to this Court that they had properly served Movants, when, in fact, they never properly effectuated service of the Third-Party Summons and Complaint on the specially-appearing Movants, robbing this Court of personal jurisdiction over Movants and resulting in void Judgment(s);

---

[1] The specially-appearing third-party defendants DRITA KESSLER ("Kessler") and DK ART PUBLISHING, INC., ("DK Art") may hereinafter be, collectively, referred to as "DK/K," "Movants," or the "Third-Party Defendants."

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

1

2) Travelers' Attorneys fraudulently misrepresented to this Court that the Indemnity provision in the 2015 Settlement Agreement settling the bad-faith litigation against Travelers[2] required Movants to indemnify Travelers against all liability in this civil action by plaintiff FRANKLIN R. FRALEY, JR., ("Plaintiff" or "Fraley") against Travelers, when, *as a matter of law*, the asserted general indemnity provision does not require Movants to indemnify Travelers against its own intentional conduct or active negligence in deciding not to interplead the settlement funds, which decision, according to the Ninth Circuit, resulted in Travelers' liability in this action; and

3) Contrary to Travelers' representations to this Court, Travelers failed to provide Kessler and DK Art with reasonable notice of Fraley's claims against Travelers, or with an indemnity demand, and Kessler and DK Art were never allowed to choose defense counsel or to control the defense. SOF ¶¶ 5 and 16-20.

Pursuant to **Civil Local Rule 7-3**, Movants' counsel met and conferred extensively with Travelers' Attorneys regarding the issues in this Motion. *See* Morales Decl. ¶ 2. On May 24, 2023, Movants' attorney sent Travelers' Attorneys correspondence and a 27-page Motion for Sanctions, including supporting legal authorities, outlining the issues relating to the lack of proper service, misapplication of the law regarding general indemnity provisions, and Travelers' own breach of the 2015 Settlement Agreement, among others. *See id.*

Having received no response, on June 8, 2023, Movants' attorney followed up again with Travelers' Attorneys, who responded by citing cases purportedly

---

[2] Namely, *City Art, Inc. v. Travelers Prop. Cas. Co. of America, et al.*, Los Angeles Superior Court Case No. BC445179 (the "Travelers Bad-Faith Action"), said claims against Travelers having been assigned to Movants after they prevailed against the *City Art* defendants in *DK Art Publishing, Inc. et al. v. City Art, Inc., et al.* SOF ¶ 9.

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

2

supporting their contention that service was proper, and suggesting that Travelers' failure to provide any notice or indemnity demand to Movants was irrelevant. *See* Morales Decl. ¶ 3. Travelers' Attorneys provided no response whatsoever regarding the substantive law governing the interpretation and application of general indemnity provisions to an insurance company's active negligence in failing to interplead settlement funds despite its awareness of the existence of an attorney's lien. *See* Morales Decl. ¶ 4.

After being unable to reach Travelers' Attorneys by telephone, on June 28, 2023, Movants' counsel sent a written reply to Travelers' Attorneys outlining many of the reasons the authorities cited by them were inapplicable to this case, and noting their failure to respond regarding the proper interpretation and application of the general indemnity provision in the context of this case. *See* Morales Decl. ¶ 5.

Travelers' Attorneys later agreed to meet and confer further by telephone on July 7, 2023. *See* Morales Decl. ¶ 6. On July 7, 2023, Movants' counsel met and conferred by telephone with Mr. Agness on behalf of Travelers' Attorneys, as well as with Travelers' other counsel, Mr. Nathan Park, Esq. *See id.* Mr. Agness did not dispute the fact that Travelers failed to comply with Business and Professions Code Section 17538.5 regarding service *via* a Commercial Mail Receiving Agency (CMRA). *See id.* Instead, Mr. Agness took the position that Kessler and DK Art were properly served pursuant to California Code of Civil Procedure ("C.C.P.") Section 415.20 (b), but he was unable to cite any authorities applying that statute to facts similar to this case, e.g., involving service *via* a CMRA pursuant to C.C.P. § 415.20 (b). *See id.*

Moreover, when specifically asked why California Business and Professions Code Section 17538.5 governing service of process *via* a CMRA, as in this case, did not apply, Mr. Agness took the position that since Kessler and DK Art were served pursuant to Section 415.20 (b), "we never reach Business and Professions Code Section 17538.5." *See* Morales Decl. ¶ 7. Mr. Agness was unable to cite any case law holding that Business and Professions Code Section 17538.5 does not

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

3

apply to service of process *via* a CMRA, as occurred in this case. *See id.*

Ultimately, Travelers' Attorneys declined to change their position, or to take any steps to resolve this dispute, and they provided no new legal authorities. *See* Morales Decl. ¶ 10. Thus, the Parties were, unfortunately, unable to informally resolve the issues in this Motion. *See id.*

Accordingly, Movants respectfully request that Travelers' Attorneys be sanctioned for fraudulently misrepresenting material facts and the applicable law to this Court in order to improperly obtain default judgments against Movants and other orders, and to improperly and vexatiously multiply litigation proceedings. Single-mother Kessler and he business, DK Art, respectfully contend that Travelers' Attorneys acted in bad faith by refusing to meet and confer in good faith, and by committing the wrongdoing detailed herein. Movants further request that Travelers' Attorneys be held personally liable for the attorney's fees and other expenses they incurred as a result of their bad-faith conduct on behalf of the $37 Billion Travelers.

This Motion is based upon the information in this Motion, the supporting Memorandum of Points and Authorities, and the supporting Appendix1: Summary of Facts and Prior Record ("SOF"), the Declarations of Drita Kessler ("Kessler Decl.") and David Morales, Esq., and Movants' Request for Judicial Notice ("RFJN"), the records and files in this action, and such other legal argument and evidence as the Court may receive.

Dated: September 22, 2023.          THE MORALES LAW FIRM

David Morales,
Attorney for Petitioner

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Relevant Facts

This case relates to several litigations over sixteen (16) years.  SOF ¶ 1.  Kessler and DK Art were the prevailing plaintiffs in two (2) cases, ostensibly winning several million dollars.  SOF ¶¶ 1, and 8-10.  Travelers insured the defendants in the first case, *DK Art Publishing, Inc. et al. v. City Art, Inc., et al.* (the "*City Art* Litigation").  SOF ¶¶ 1 and 9.  Travelers apparently committed wrongful acts that gave rise to bad-faith claims by the *City Art* defendants against Travelers in the second case (the "Travelers Bad-Faith Litigation").  *Id.*  In 2013, counsel for plaintiffs Kessler and DK Art (i.e., Fraley) filed and served on Travelers, and others, an Attorney Lien for his fees in the *City Art* Litigation ("Attorney Lien").  SOF ¶¶ 1 and 8.

In order to satisfy the Judgment in favor of Kessler and DK Art, the *City Art* Defendants assigned their bad-faith claims against Travelers to Kessler and DK Art.  SOF ¶¶ 2 and 9.  In 2015, Travelers settled the Travelers Bad-Faith Litigation with Kessler and DK Art for several million dollars ("the Travelers Bad-Faith Settlement").  *Id.*  However, Travelers chose to distribute the settlement funds rather than to commence an interpleader proceeding.  SOF ¶¶ 2 and 9-11.  In doing so, Travelers failed to ensure that Fraley's Attorney Lien was fully satisfied.  SOF ¶¶ 2 and 12.

In January 2018, Fraley sued Travelers in the present case for intentional torts arising from Travelers' decision to distribute the Travelers Bad-Faith Settlement funds without ensuring that Fraley's Attorney Lien was satisfied (the "Fraley Litigation").  SOF ¶¶ 2-3 and 12.  In June 2018, Travelers filed a Third-Party Complaint against Kessler and DK Art for indemnity.  SOF ¶¶ 3 and 13-14.  Travelers explicitly represented to this Court that it had notified Kessler and DK Art of Fraley's tort claims, made an indemnity demand, but Kessler and DK Art "failed and/or refused" to indemnify Travelers, however, it appears these

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

5

representations to the Court were false.  SOF ¶ 20.

Although this Court dismissed Fraley's tort claims against Travelers (SOF ¶ 25), the Ninth Circuit reversed and found Travelers liable for Fraley's intentional-tort claims because Travelers chose to distribute the settlement funds rather than to commence an interpleader proceeding, and in doing so Travelers failed to ensure that Fraley's Attorney Lien was fully satisfied.  SOF ¶¶ 11, and 25-31.

Travelers represented to this Court that it had properly served the Third-Party Defendants Kessler and DK Art *via* a Commercial Mail Receiving Agency ("CMRA"), and further represented that Kessler and DK Art were legally required to indemnity Travelers for its intentional-tort liability in the Fraley Litigation.  SOF ¶¶ 15, 21 and 14.  As a result, Travelers obtained Default Judgments against Kessler and DK Art for Travelers' intentional-tort liability, attorney's fees, and costs in the amount of almost $3.9 Million.  SOF ¶¶ 21-24, and 32-34.

However, according to the record, it does not appear that Travelers ever properly served Kessler or DK Art.  SOF ¶¶ 16-19, and 21-22.  Travelers also never provided Kessler and DK Art with reasonable notice of Fraley's claims or with any indemnity demand, and they were not given an opportunity to select counsel or to control the defense.  SOF ¶¶ 16-20.  Additionally, Travelers' pleadings failed to cite any legal authorities supporting their indemnity claims against Kessler and DK Art.  SOF ¶ 23.

Travelers aggressively sought to enforce its almost $3.9 Million Default Judgments against Kessler and DK Art.  SOF ¶¶ 35-41.  This amount exceeded the total amount Kessler and DK Art recovered as a result of prevailing in the *City Art* Litigation and in the Travelers Bad-Faith Litigation.  SOF ¶¶ 9-10 and 36.  Kessler is now engaged in bankruptcy proceedings (SOF ¶ 38) which will likely result in a liquidation of Kessler's assets, unless the Default Judgments against Kessler and DK Art for Travelers' intentional-tort liability and expenses are vacated.

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

6

## II.  Applicable Law

### A. FRCP Rule 11 Sanctions

Rule 11 imposes an affirmative duty on attorneys to conduct a reasonable inquiry and to determine that papers filed with the court are well grounded in fact, legally tenable, and not interposed for any improper purpose.[3]  A violation of any of these three prongs is sufficient to sustain sanctions.[4]  An "improper purpose" may include harassing, causing unnecessary delay, or needlessly increasing the cost of litigation.  *See* Fed. R. Civ. P. 11(b)(1) (West 2023).   Sanctions are appropriate where the attorney abused the judicial process.  *Cooter & Gell v. Hartmarx Corp., supra,* at 396.

A violation of Rule 11 occurs where "a reasonable attorney, having conducted an objectively reasonable inquiry into the facts and law" would determine that the complaint was not well founded.[5]  Complaints that are based on frivolous legal

---

[3]   *See* Fed. R. Civ. P. 11(b)(1) (West 2023) (improper purpose), (b)(2) (legal contentions warranted), and (b)(3) (factual contentions have evidentiary support); *Cooter & Gell v. Hartmarx Corp.*, 110 U.S. 384, 393 (1990) (it is clear that the purpose of Rule 11 is to deter baseless filings, and an attorney who files a paper without such a *substantiated belief* shall be penalized by an appropriate sanction); *Truesdell v. S. Cal. Permanente Med. Group*, 209 F.R.D. 169, 174-175 (C.D. Cal. 2002) (Rule 11 sanctions appropriate if a complaint is not grounded in fact or if it sets forth *frivolous legal contentions*); and *Chien v. Skystar Bio Pharmaceutical Co.*, 256 F.R.D. 67, 72 (D. Conn. 2009) (subjective *good faith provides no safe harbor* for an attorney's failure to conduct reasonable inquiry into a pleading's viability).

[4]   *See Townsend v. Holman Consulting Grp.*, 914 F.2d. 1136, 1140 (9th Cir. 1990) (any one of factual frivolousness, legal frivolousness, or for an improper purpose is sufficient to award sanctions).

[5]   *See Golden Eagle Distributing Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 2003); and *Truesdell v. S. Cal. Permanente Med. Group*, *supra*, at 174.

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

7

contentions or unsupported factual allegations may also violate Rule 11's "improper purpose" standard, regardless of plaintiffs' subjective intent.[6]

Rule 11 authorizes Courts to impose sanctions on any attorney, law firm, or party that is responsible for the violation, and, absent exceptional circumstances, a law firm must be held jointly responsible for a violation by its partner, associate, or employee.  *See* Fed. R. Civ. P. 11(c)(1) (West 2023).

### B. 28 U.S.C. Section 1927 Sanctions & The Court's Inherent Power

Any attorney "who so multiplies proceedings in any case unreasonably and vexatiously may be required by the court to satisfy *personally* the excess costs, expenses, and attorneys' fees reasonably incurred because of such misconduct."[7] Either bad faith or recklessness suffices for Section 1927 sanctions, whereas a finding of bad faith is essential for sanctions imposed under the district court's inherent authority.[8]  Even non-frivolous filings are sanctionable under Section 1927 if made with the intent to harass.  *See In re Keegan Mgmt. Co. Secur. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996).

---

[6]  *See Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987); and *Paciulan v. George*, 38 F.Supp.2d 1128, 1144 (N.D. Cal. 1999).

[7]  28 U.S.C. § 1927 (West 2023) (emphasis added); *see also Liebowitz v. Bandshell Artist Mgmt.*, 6 F.4th 267, 286-287 (2d Cir. 2021).

[8]  *See Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1219 (9th Cir. 2010) (sanctions imposed under both § 1927 and court's inherent power); *Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000); *B.K.B. v. Maui Police Dept.*, 276 F.3d 1091, 1107 (9th Cir. 2002) (reckless allegations sanctionable if frivolous, i.e., objectively unreasonable as required under Rule 11); *Jones v. Illinois Central R.R. Co.*, 617 F.3d 843, 856 (6th Cir. 2010) (attorney's "reckless" conduct supported finding of unreasonable and vexatious conduct under § 1927); and *Jensen v. Phillips Screw Co.*, 546 F.3d 59, 64 (1st Cir. 2008) ("a reckless breach of the lawyer's obligations as an officer of the court").

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

8

Due process requires a court to provide notice and an opportunity to be heard.[9] "Opportunity to be heard" does not require an oral or evidentiary hearing; the opportunity to brief the issue fully satisfies due process requirements.[10]  However, where the sanctions are based on conduct that occurred in the court's presence, there is usually no need for declarations or briefs to clarify the issues.[11]  Section 1927 sanctions are proper even in the absence of specific findings where counsel's "bad faith" is apparent from the record.[12]

Federal courts have inherent power to impose sanctions against both attorney and parties for "bad faith" conduct in litigation.[13]  The court may properly impose sanctions for the entire course of conduct without attributing part to any particular statute, or where a sanction rests "in substantial portion" on the court's inherent authority.[14]

---

[9]  *See S.E.C. v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003) (citing *Ted Lapidus, S.A. v. Vann*, 112 F.3d 91, 96 (2d Cir. 1997)).

[10]  *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc, supra*, at 1118.

[11]  *See Lamboy-Ortiz v. Ortiz-Vélez*, 630 F.3d 228, 246 (1st Cir. 2010).

[12]  *See Pacific Harbor Capital, Inc. v. Carnival Air Lines, Inc, supra*, at 1118.

[13]  *See Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-767 (1980) (court has inherent power to sanction attorneys for bad-faith litigation tactics); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) (the court's inherent powers "are governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases"); and *Fink v. Gomez*, 239 F.3d 989, 991-992 (9th Cir. 2001); *see also, Ridder v. City of Springfield*, 109 F.3d 288, 297(6th Cir. 1997); and *Brickwood Contractors, Inc. v. Datanet Engineering, Inc.*, 369 F.3d 385, 388, fn. 2 (4th Cir. 2004) (*en banc*).

[14]  *See Chambers v. NASCO, Inc.*, *supra*, at 52; *see also Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1418 (5th Cir. 1995); and *Farmer v. Banco Popular of North America*, 791 F.3d 1246, 1257 (10th Cir. 2015).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

9

## III.  Legal Argument

### A. Travelers' Attorneys Fraudulently Obtained The Default Judgments By Falsely Representing That They Had Properly Served Movants, Causing The Default Judgments To Be Void.

Where a plaintiff fails to properly serve the defendant, and subsequently obtains a default judgment against that defendant, that default judgment is void.[15]

The subsections of Federal Rule 4 (e) (West 2023) indicated below provide that service on an individual may be accomplished by the following methods:

(1) Following the state law for serving a summons;

(2)(A) Delivering a copy of the summons and complaint to the individual personally;

(2)(B) Leaving a copy of the summons and complaint at the individual's dwelling or usual place of abode with someone of suitable age and discretion residing there; or

(2)(C) Delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process.

If the only address reasonably known for the person to be served is a private mailbox obtained through a Commercial Mail Receiving Agency ("CMRA"), service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the CMRA in a manner described in Business and Professions Code § 17538.5 (d).  *See* Cal. Code Civ. P. § 415.20 (c) (West 2023).

---

[15]  *See Mason v. Gensico Tech. Corp.*, 960 F.2d 849, 851 (9th Cir. 1991); *SEC v. Internet Solutions for Bus. Inc.,* 509 F3d 1161, 1165-1166 (9th Cir. 2007); *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4."); *Thos. P. Gonzalez Corp. v. Consejo Nacional de Produccion de Costa Rica,* 614 F.2d 1247, 1255 (9th Cir. 1980); *Veeck v. Commodity Enterprises, Inc.,* 487 F.2d 423, 426 (9th Cir. 1973) ("The district court's lack of *in personam* jurisdiction over the appellants renders void its default judgment against them.") (citing *Pennoyer v. Neff,* 95 U.S. 714, 726-28 (1877).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

10

***1. Travelers' Purported Service Of Process Was Void On Its Face Because Travelers Failed To Comply With The Statute Governing Service Of Process Via A Commercial Mail Receiving Agency.***

Business and Professions Code ("B&P") § 17538.5 (d)(1) (West 2023), requires every CRMA owner or operator to accept service of process for and on behalf of any of their mail receiving service customers.  Upon receipt of service of process, the CMRA owner or operator shall:

(A) Within 48 hours place a copy of the documents or a notice that the documents were received into the customer's mailbox or other place where the customer usually receives mail, and

(B) Within five days send all documents by first-class mail to the last known home or personal address of the customer.  *See id.*

The CMRA shall obtain a certificate of mailing in connection with the mailing of the documents.  *See id.*

It is clear from the record that Travelers purported to serve Kessler and DK Art *via* a CMRA.  SOF ¶ 15.  However, it is undisputed that Travelers failed to comply with the provisions of B&P § 17538.5 allowing for such service of process. *See* Cal. Code Civ. P. § 415.20 (c); and Morales Decl. ¶ 6.

More specifically, there is no evidence in the record that the CMRA owner, Mr. Nema, placed a copy of the documents, or a notice that the documents were received, into the customer's mailbox, or other place where the customer usually receives mail, within 48 hours as required by B&P § 17538.5 (d)(1)(A). Additionally, there is no evidence in the record that Mr. Nema obtained a Certificate of Mailing demonstrating that he sent all the documents by first-class mail to the last known home or personal address of the customer(s) as required by B&P § 17538.5 (d)(1)(B).  Accordingly, Travelers purported service upon Movants *via* the CMRA was ***void on its face*** because there is no evidence that Travelers

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

11

complied with B&P §17538.5 (d) as statutorily required.[16]

Moreover, Movants contend that Travelers *could not* have properly serve them *via* the CMRA located at the Service Address because neither of them were actually mail-receiving customers of the CMRA in question. *See* Kessler Decl. ¶ 5. Accordingly, it would have been impossible for Mr. Nema to comply with B&P § 17538.5 because neither Kessler nor DK Art were private mailbox customers at that CMRA.

Accordingly, Travelers' failure to properly serve Movants not only violated their due process rights and prevented them from being able to defend themselves in this action, but it prevented this Court from obtaining jurisdiction over Movants, and caused the resulting Default Judgments to be void as a matter of law.[17]

/ / /

/ / /

/ / /

---

[16] *See Kremerman v. White*, 71 Cal.App.5th 358, 373-374 (Cal. Ct. App. 2021) (service *via* CRMA **void on its face** where there is no evidence that the CRMA owner or operator deposited the papers in the defendant's mailbox within 48 hours, and mailed the papers first class to the defendant's last known home or personal address) (emphasis added).

[17] *See Kremerman v. White*, *supra*, at 374 (court abused its discretion by failing to vacate judgment that was void on its face due to failure to comply with Bus. & Prof. Code §17538.5 (d)); and *Mason v. Gensico Tech. Corp.*, *supra*, at 851 (judgment is void where defendant wasn't properly served); *Am. Inst. Of Certified Pub. Accountants v. Affinity Card, Inc.*, *supra*, at 375 (a judgment obtained by defective service is a nullity, void for lack of personal jurisdiction, and *must be set aside as a matter of law*) (citations omitted) (emphasis added); and *Gold Kist, Inc., v. Laurinburg Oil Co. Inc.*, 756 F.2d 14, 18 (3rd Cir. 1985) (a default judgment entered where there has been no proper service is, *a fortiori*, void, and should be set aside).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

12

**2. *Travelers' Attorneys Falsely Represented That They Effectuated Substitute Service On Movants At The CMRA When Substitute Service At A Private Mailbox Does Not Comply With C.C.P. § 415.20 (B) As A Matter Of Law.***

Where a summons and complaint cannot be personally served, they may be substitute served by delivering them to a competent household member over 18 at defendant's usual abode, or to a person apparently in charge at the defendant's usual place of business, and then mailing them first class to the same address. *See* Cal. Code Civ. P. § 415.20 (b).

However, substituted service at a private mailbox does not comply with C.C.P. § 415.20 (b). *See Bonita Packing Co. v. O'Sullivan*, 165 F.R.D. 610, 613 (C.D. Cal. 1995).

It is clear from the record that Travelers falsely represented to this Court that it *substitute served* Kessler and DK Art *via* a CMRA by leaving copies of the documents with someone at the CMRA, and then mailing copies to the Service Address at the CMRA. SOF ¶ 15, and Morales Decl. ¶ 7. However, such substitute service in this case does not comply with C.C.P. § 415.20 (b), as a matter of law, because the owner of a private mailbox company is not a person who has a sufficient relationship to the mailbox renter to assure that the renter will receive actual notice of the pending legal proceeding. *See Bonita Packing Co. v. O'Sullivan*, *supra*, at 613-14.

Accordingly, despite the repeated representations to this Court by Travelers' Attorneys that they had properly effectuated service of process on Movants, their representations were actually false. It is unclear why Travelers chose to make these false representations to the Court rather than properly serving Movants by any of the other available methods, such as by publication or *via* the California Secretary of State.[18]

---

[18]   *See* Cal. Code Civ. P. § 415.5 (West 2023) (service by publication); and Cal. Corp. Code § 1702 (West 2023) (service upon Secretary of State).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, **Case No. 2:18-CV-00722-AB-JPR**
**NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,**
**AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES**

13

Thus, Travelers' Attorneys were able to wrongfully obtain the Default Judgments by committing fraud on this Court. Travelers' clearly Attorneys knew, or should have known, that service had not been properly effectuated. In their pleadings, Travelers' Attorneys failed to cite any legal authorities demonstrating that their purported service of process was legally proper, yet they repeatedly represented to this Court otherwise in order to obtain the Default Judgments.

In the case *In re Bressman*, 874 F.3d 142 (3rd Cir. 2017), the court inferred from the attorney's conduct that the attorney intentionally withheld material information from the court so he could recover the full amount of a default judgment. *See id.* at 151. The attorney filed comprehensive pleadings detailing the history of the related proceedings, scrupulously detailed the damages sought, including interest, and carefully described defendant's involvement, but omitted information regarding a settlement that would have reduced the amount collected. *See id.* Movants respectfully contend that the material omissions and misrepresentations by Travelers' Attorneys were intentional because they filed similarly-extensive pleadings, and it is unlikely they would have successfully obtained the Default Judgments in this case absent their misrepresentations to this Court.

Accordingly, Movants respectfully contend that the above-described misrepresentations of the material facts and relevant law by Travelers' Attorneys in order to obtain the Default Judgments for almost $3.9 Million demonstrates that Travelers' Attorneys failed to conduct a reasonable inquiry, and to determine that the papers they filed with this Court are well grounded in fact, legally tenable, and not interposed for any improper purpose in violation of Rule 11 (b)(2) and (b)(3), and 28 U.S.C. Section 1927. Movants contend that the bad-faith intent of Travelers' Attorneys was demonstrated by the manner in which they essentially ignored all of Movants' meet-and-confer efforts.

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

14

1    Movants further contend that the bad-faith conduct by Travelers' Attorneys

2  was intended to harass Movants, and to unreasonably, vexatiously, and improperly

3  multiply the number of proceedings against Kessler, DK Art, as well as against

4  Kessler's children.  Each of which provides a separate, independent basis for

5  sanctioning Travelers' Attorneys.

**B. Contrary To The Law Of Indemnity, Travelers' Attorneys Falsely**
6  **Represented To This Court That Movants Were Required To**
7  **Indemnify Travelers For Its Own Active Negligence In Mishandling**
8  **The Travelers Bad-Faith Settlement.**

A "general" indemnity provision does not explicitly address the issue of the
9
indemnitee's negligence.[19]  A general indemnity provision will generally ***not*** be
10
interpreted to cover the indemnitee's active negligence.[20]  An indemnity agreement
11
may provide for indemnification against an indemnitee's own negligence, but such
12
an agreement must be clear and explicit and is strictly construed against the
13
indemnitee.[21]  The California Supreme Court held that if an indemnitor is to be
14
made responsible for the negligent acts of an indemnitee, over whose conduct it
15
has no control, the language imposing such liability should do so *expressly and*
16
*unequivocally so the contracting party is advised in definite terms of the liability*
17
*to which it is exposed*.[22]
18
Where an insurance company is aware of an attorney's lien on a recovery and
19
the insurance company fails to pay the attorney's lien when it paid the recovery, it
20

21
[19]  *See Rossmoor Sanitation, Inc. v. Pylon, Inc.*, 13 Cal.3d 622, 628-629 (1975)
22  (citations omitted).

23
[20]  *Id.* (citations omitted) (emphasis added); and *MacDonald & Kruse, Inc. v.*
24  *San Jose Steel Co.*, 29 Cal.App.3d 413, 419-420 (Cal. Ct. App. 1972) (citations
omitted); *Edmondson Property Mgt. v. Kwock*, 156 Cal.App.4th 197, 207-208 (Cal.
25  Ct. App. 2007).

26
[21]  *Rossmoor Sanitation, Inc. v. Pylon, Inc.*, *supra*, at 628 (citation omitted).

27
[22]  *Vinnell Co. v. Pac. Elec. Ry. Co.*, 52 Cal.2d 411, 416-417 (1959); and *Price*
28  *v. Shell Oil Co.*, 2 Cal.3d 245, 257-258 (1970) (emphasis added).

may be liable for intentional interference with prospective economic advantage due to its interference with the attorney's contract lien.[23]

Travelers' third-party claims against Kessler and DK Art rely on the general indemnity provision from the 2015 Travelers Bad-Faith Settlement, which provides as follows:

> X.  INDEMNITY
>
> DK Art agrees to defend, indemnify and hold harmless the Travelers Entities against any claim by any lienholder including, but not limited to, the Fraley Attorney Fee Lien as well as any claim by any person or entity claiming to be an insured under the Policies or claiming any rights thereunder with respect to the matters released herein by City Art by DK Art, and/or with respect to the Settlement Amount.  The Travelers Entities are entitled to approval of counsel which shall not be unreasonable withheld.  Dkt. No. 82-1 at p. 11.

As is clearly evident, this general indemnity provision fails to *expressly and unequivocally* require Kessler and DK Art to indemnify Travelers *against its own negligence*.[24]  Accordingly, as a general indemnity provision, *as a matter of law* this operative indemnity provision does not cover Travelers's own active negligence.[25]

More specifically, in *Rossmoor*, *supra*, the court examined the law governing general indemnity provisions and observed that "an indemnity clause that does not address itself to the issue of an indemnitee's negligence, it is referred to as a

---

[23]  *See Siciliano v. Fireman's Fund Ins. Co.*, 62 Cal.App.3d 745, 753 (Cal. Ct. App. 1976).

[24]  *See Rossmoor Sanitation, Inc. v. Pylon, Inc.*, *supra*, at 628-629 (if an indemnity clause does not address itself to the issue of an indemnitee's negligence, it is referred to as a "general" indemnity clause, for example, including provisions holding indemnitee harmless "in any suit at law," "from all claims for damages to persons," and "from any cause whatsoever" without expressly mentioning the indemnitee's negligence) (citations omitted).

[25]  *See id.*; and *MacDonald & Kruse, Inc. v. San Jose Steel Co.*, *supra*, at 419-420 (citations omitted).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

16

'general' indemnity clause."[26]  "Provisions purporting to hold an owner harmless 'in any suit at law' [citations omitted], 'from all claims for damages to persons' [citations omitted], and 'from any cause whatsoever' [citations omitted], without expressly mentioning an indemnitee's negligence, have been deemed to be 'general' clauses."  *See id.* at 628-629.  "[A]n indemnity agreement may provide for indemnification against an indemnitee's own negligence, but such an agreement must be clear and explicit and is strictly construed against the indemnitee."  *See id.* at 628 (citations omitted).

The specific indemnity provision in *Rossmoor* involved:

> "[A]n express contractual agreement requiring Pylon to indemnify Rossmoor against 'all claims for damages' arising out of Pylon's work; Rossmoor is not to be held accountable 'for any loss . . . or for injury to any person . . . .'  Since the agreement does not state what effect Rossmoor's negligence will have on Pylon's obligation to indemnify, the clause is a 'general' indemnity provision. . . ."  *See id.* at 629.

Accordingly, Movants contend that the general indemnity provision in this case does not require them to indemnify Travelers for its own negligence because it fails to explicitly cover Travelers' *own negligence*.  Moreover, Movants further contend it is axiomatic that a general indemnity provision that does not cover an indemnitee's own active negligence, will similarly not cover an indemnitee's own intentional torts.[27]

In this case, the Ninth Circuit explicitly found Travelers liable for the intentional torts asserted by Fraley.  The Ninth Circuit observed that Travelers made the ill-fated decision to distribute the Bad-Faith Litigation Settlement proceeds, rather than to initiate an interpleader proceeding so the Court could determine the correct amounts and recipients for such funds, and found Travelers

---

[26] *See Rossmoor Sanitation, Inc. v. Pylon, Inc.*, *supra*, at 628 (citations omitted).

[27] *See, e.g.*, Cal. Ins. Code § 533 (West 2023) (an insurer is not liable for a loss caused by the willful act of the insured).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

17

liable as a result.  SOF ¶¶ 26-31.  Thus, the Ninth Circuit specifically held that Travelers had erroneously decided how to distribute the Travelers Bad-Faith Settlement rather than initiating an interpleader action in its decision, stating:

> The amount the insurance companies set aside or reserved is of no moment.  Had the insurers interpleaded the funds and deposited the proceeds with the court during the settlement process, they could have limited *their liability*.  *See Siciliano v. Fireman's Fund Ins. Co.*, 133 Cal. Rptr. 376, 382 (Ct. App. 1976).  But they did not take that course.[28]

The Appellate Court's reference to *Siciliano* is central to its decision.  This line of cases clearly holds that an insurance company may be liable for intentional interference with prospective economic advantage when it erroneously decides how to distribute settlement funds.  In *Siciliano*, an attorney notified an insurer of his attorney lien on any payment the insurer made to the attorney's former client.  The *Siciliano* court reasoned that the defendant had complete control over the money, so it was his duty to hold for plaintiff so much of the proceeds as represented plaintiff's known interest in it.[29]

The *Siciliano* court also observed that in *Miller v. Rau*, 216 Cal.App.2d 68 (Cal. Ct. App. 1963), Rau was given notice of a third party's interest in funds Rau held for a client.  Thus, Rau's choices were either: (a) commence an interpleader action; or (b) decide on his own how to distribute the funds.  *See id.* (citing *Miller v. Rau, supra*, at 76).  The court observed that Rau chose the latter course, but in so doing took the risk of having to pay the person rightfully entitled to the funds if it turned out that the person to whom the distribution was made was not rightfully

---

[28]  *See Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, No. 19-55846, slip op. at 4 (9th Cir. Dec. 22, 2020) (emphasis added).  )

[29]  *See Siciliano v. Fireman's Fund Ins. Co., supra*, at 756 (citing *Miller v. Rau*, 216 Cal.App.2d 68, 76 (Ct. App. 1963)).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

18

1   entitled thereto.[30]

2   Accordingly, the *Siciliano* court found the insurer's conduct sufficient to be

3   liable for deliberate and intentional interference with the attorney's lien and rights

4   under the agreement, and, thus, an intentional interference with prospective

5   economic advantage.  *See Siciliano, supra*, at 753

6   Similarly, in *Levin v. Gulf Ins. Grp.*, *supra*, after the defendant's insurer and

7   attorney received notice of the attorney's lien, the insurer and its attorneys paid the

8   settlement to plaintiff and his new attorney without regard to the attorney's lien.

9   The *Levin* court held that the insurer and its attorneys were liable for intentional

10  interference with the prospective economic advantage of the discharged attorney.

11  *See Levin v. Gulf Ins. Grp.*, *supra*, at 1287-1288.

12  Given the Ninth Circuit's citation to *Siciliano* as the basis for Travelers' tort

13  liability, and its holding that Fraley's intentional interference claims against

14  Travelers were not time-barred (Dkt. No. 132 (9th Cir. Mem.) at p. 4.), Travelers

15  was clearly found liable on Fraley's intentional-tort claims.  Dkt. Nos. 1 at pp. 10-

16  16 (Fraley Complaint), and 12 (First Supplemental Complaint) at pp. 12-18.

17  Thus, Travelers was held liable for its own intentional conduct, or at the very

18  least, its own active negligence.  The general indemnity provision in the 2015

19  Travelers Bad-Faith Settlement does not specifically address Travelers' own

20  negligence (or intentional torts).  Accordingly, the indemnity provision must be

21  strictly construed against Travelers, and it should not be deemed to cover Travelers

22  for its own negligence and intentional torts.[31]

---

23

24  [30]   *See id*. (citing *Miller v. Rau*, *supra*, at 76, and *Levin v. Gulf Ins. Grp.*, 69
     Cal.App.4th 1282, 1287-1288 (Cal. Ct. App. 1999)).

25  [31]   *See Rossmoor Sanitation, Inc. v. Pylon, Inc.*, *supra*, at 628-629; *MacDonald*

26  *& Kruse, Inc. v. San Jose Steel Co.*, *supra*, at 419-420; *Prince v. Pac. Gas & Elec.*

27  *Co.*, 45 Cal.4th 1151 (2009); *see also Maxim Tech., Inc. v. City of Dubuque*, 690
     N.W.2d 896 (Iowa 2005) (indemnification contracts will not be construed to permit

28  indemnitee to recover for its own negligence unless such intent is clear); *Mantilla*

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

19

Accordingly, Movants respectfully contend that the above-described misrepresentations of material facts, and the relevant law, by Travelers' Attorneys in order to obtain Default Judgments for almost $3.9 Million demonstrates that Travelers' Attorneys failed to conduct a reasonable inquiry, and to determine that the papers they filed with the Court are well grounded in fact, legally tenable, and not interposed for any improper purpose in violation of Rule 11 (b)(2) and (3), and 28 U.S.C. Section 1927.

In obtaining the Default Judgments against Movants, Travelers' Attorneys failed to cite any case law in their pleadings demonstrating that the indemnity provision in this case can be properly interpreted to cover Travelers' own negligence and intentional-tort liability, and they were unable to cite any such authorities during the Parties' extensive meet and confer.  SOF ¶ 23, and Morales Decl. ¶¶ 2-5, 10.  Given their refusal to address this issue at all during the Parties' extensive meet and confer, it is clear that Travelers' Attorneys intentionally misled the Court so they might obtain the maximum Default Judgments possible.

Kessler and DK Art further contend that by said bad-faith conduct Travelers' Attorneys intended to harass Movants, and to unreasonably, vexatiously, and improperly multiply the number of proceedings against Kessler, DK Art, as well as against Kessler's children and priest.  Each of which provides a separate,

---

*v. N.C. Mall Assoc.*, 167 N.J. 262, 272-273 (N.J. S.Ct. 2001) (contract will not be construed to indemnify indemnitee against losses resulting from its own negligence unless such intention is expressed in unequivocal terms); *Young v. Anaconda Am. Brass Co.*, 43 Wis.2d 910 (1969) (where agreement provided that contractor would indemnify for "such injury or such loss . . . caused in whole or in party by . . . Contractor," **language was strictly construed against indemnitee because indemnitee was also negligent**) (emphasis added); *Auto Owners Mut. Ins. Co. v. N. Ind. Pub. Serv. Co.*, 414 F.2d 192 (7th Cir. 1969); *Guarnieri v. Kewanee-Ross Corp.*, 263 F.2d 413 (2nd Cir. 1959); and *Holcim v. Ohio Cas. Ins. Co.*, 38 So.3d 722 (Ala. 2009); *see also*, Cal. Ins. Code § 533 (West 2023) (an insurer is not liable for a loss caused by the willful act of the insured).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

20

1   independent basis for sanctioning Travelers' Attorneys.

2      **C. Travelers' Attorneys Brought The Third-Party Action Against Movants In Bad Faith.**

3

4      Before any party to an obligation can require another party to perform any act

5   under it, he must fulfill all conditions precedent thereto imposed upon himself. *See*

6   Cal. Civ. Code § 1439 (West 2023).  The failure of one party to perform a condition

7   precedent prevents that party from bringing an action enforcing the contract, and

8   sustains an action by the other party for breach of contract.[32]

9      An indemnitor may by bound by a judgment against an indemnitee only if the

10  indemnitee gave reasonable notice of the action, and requested the indemnitor to

11  defend or participate in the defense.[33]

12     The record indicates that Travelers never gave Movants reasonable notice of

13  Fraley's claims, nor did it request indemnity.  Therefore, Travelers should not have

14  been entitled to indemnity.  *See id.*  In addition, by failing to ever give Movants

15  notice, Travelers prevented Movants from performing any obligations they may

16  have had under the Travelers Bad-Faith Settlement.

17

18     [32]  *See De La Falaise v. Gaumont-British Picture Corp.*, 38 Cal.App.2d 461, 468-470 (Cal. Ct. App. 1940) (where studio failed to give notice to actor to perform, studio is prevented from bringing an action to enforce the contract because the actor was not in default when the studio breached the agreement).

19

20     [33]  *See Bedal v. Hallack & Howard Lumber Co.*, 226 F.2d 526, 535 (9th Cir. 1955) (the person entitled to indemnity ***must give adequate notice of the action to the indemnitor and request that he should defend it or participate in the defense***, so indemnitor will have a reasonable time in which to make his defense) (emphasis added); *see also Mantilla v. N.C. Mall Assoc.*, 167 N.J. 262, 273 (N.J. S.Ct. 2001) (an indemnitee may recover from indemnitor ***if the indemnitee was adjudicated to be free from active wrongdoing regarding the plaintiff's injury and had tendered the defense to the indemnitor at the start of the litigation***) (emphasis added); and *Dravo Corp. v. Matthews-McCracken-Rutland Corp.*, 178 W.Va. 14, 18 (W.V. App. Ct. 1987) (in order for indemnitee to recover they had to show that indemnitor had actual notice of underlying claim, an opportunity to defend, and right to participate in any settlement negotiations).

28  *Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, **Case No. 2:18-CV-00722-AB-JPR**
**NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,**
**AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES**

Moreover, the general indemnity provision includes language explicitly granting to Travelers the *right to approve* Movants' choice of counsel, "which shall not be unreasonably withheld." Dkt. No. 82-1 at p. 11. Thus, following notice, Movants implicitly had the right to select counsel, and to, presumably, control the defense. Section XXI of the agreement specifies the manner in which the Parties are expected to provide notices and demands to one another. Dkt. No. 82-1 at p. 12. Apart from potential notices of claims and request(s) for indemnification, there do not appear to be any other significant situations in the Travelers Bad-Faith Settlement that might require notice to be given. Thus, it appears that Travelers breached the agreement and actually prevented Movants from exercising their rights thereunder by failing to give Movants the required notice.

To the extent any of Fraley's claims against Travelers were actually covered by the indemnity provision in the Travelers Bad-Faith Settlement, Travelers was required: (1) to notify Kessler and DK Art of such claims; (2) to allow Kessler and DK Art to select counsel; and (3) to allow Kessler and DK Art to control the defense. Otherwise, the provision explicitly granting Travelers the right to approve Movants' choice of counsel would be irrelevant. Again, contrary to Travelers' explicit representations to this Court, it appears that Travelers never actually provided Movants with any such required notice or indemnity demand. SOF ¶ 20.

Accordingly, it appears Travelers breached its obligations to provide notice of Fraley's claims and a demand for indemnity.[34] As a result of Travelers' breach,

---

[34] *See Bedal v. Hallack & Howard Lumber Co.*, *supra*, at 535 (the person entitled to indemnity ***must give adequate notice of the action to the indemnitor and request that he should defend it or participate in the defense***, so indemnitor will have a reasonable time in which to make his defense) (emphasis added); *Am. Int'l Specialty Lines Ins. Co. v. Continental Cas. Ins. Co.*, 142 Cal.App.4th 1342, 1366 (Cal. Ct. App. 2006) (if an insured breaches the notice provision, resulting in substantial prejudice to the defense, the insurer is relieved of liability; *see also Mantilla v. N.C. Mall Assoc.*, *supra*, at 273 (an indemnitee may recover from indemnitor ***if the indemnitee was adjudicated to be free from active wrongdoing regarding the plaintiff's injury and had tendered the defense to the indemnitor at***

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

22

Movants should have been excused of any obligation they may have had to indemnify Travelers.[35]   Thus, it is even more clear that Travelers' Attorneys brought the third-party action against Movants in bad faith.

As a result of Travelers' breach and bad-faith conduct, Movants have suffered significant harm, including, for example, having to defend against Travelers' bad-faith claims for reimbursement for losses resulting from its mishandling of the Travelers Bad-Faith Settlement and the Fraley Litigation.  It is likely the amount of the Default Judgments was increased significantly due to the manner in which Travelers responded to Fraley's claims, not to mention the fact that Travelers improperly handled Fraley's Attorney Lien from the outset.

Movants have had to incur the expense in seeking to vacate the Default Judgments that were improperly obtained through Travelers' fraud and misrepresentation, as well as having to suffer the effects of Travelers' draconian collection efforts against Kessler, her family, her priest, her customers, and others, in a manner calculated to harm Kessler's personal and business relationships, and which successfully damaged Kessler's business and ability to earn a living.  SOF ¶¶ 35-42.  Travelers' attempts to collect the almost $3.9 Million Default Judgments to cover its own tort liability has forced Kessler into bankruptcy.  SOF ¶ 38.

Accordingly, Movants respectfully contend that the above-described bad-faith conduct demonstrates that fact that Travelers' Attorneys either acted intentionally, or at the very least failed to conduct a reasonable inquiry.  These facts further

---

*the start of the litigation*) (emphasis added); and *Dravo Corp. v. Matthews-McCracken-Rutland Corp.*, *supra*, at 18 (in order for indemnitee to recover they had to show that indemnitor had actual notice of underlying claim, an opportunity to defend, and right to participate in any settlement negotiations).

[35]   *See De La Falaise v. Gaumont-British Picture Corp.*, *supra*, at 468-470 (where studio failed to give notice to actor to perform, studio is prevented from bringing an action to enforce the contract because the actor was not in default when the studio breached the agreement).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

23

indicate that Travelers' Attorneys failed to determine that the papers they filed with the Court were well grounded in fact, legally tenable, and not interposed for any improper purpose in violation of Rule 11 (b)(2) and (b)(3), and 28 U.S.C. Section 1927. Movants further contend that by said bad-faith conduct Travelers' Attorneys was intended to improperly harass Kessler and DK Art, and to unreasonably, vexatiously, and improperly multiply the number of proceedings against Kessler, DK Art, as well as against Kessler's children. SOF ¶¶ 37-42. Each of which provides a separate, independent basis for sanctioning Travelers' Attorneys.

**D. Travelers' Attorneys Intentionally Committed Fraud On The Court.**

One species of fraud upon the court occurs when an "officer of the court" perpetrates fraud affecting the ability of the court to impartially judge a case.[36] A fraud on the court committed by an attorney constitutes misconduct sufficient to warrant the drastic sanction of dismissal. *In re Bressman*, *supra*, at 150 and 152-153.

In summary, Travelers' Attorneys made significant misrepresentations of fact and relevant law that affected the ability of this Court to impartially judge this case – causing this Court to grant onerous Default Judgments to which Travelers was not entitled. Such misrepresented (and fraudulently concealed) facts include, without limitation, the fact that:

1) Travelers failed to provide Movants with reasonable notice of Fraley's claims and a request for indemnity, when their Third-Party Complaint falsely alleges otherwise; SOF ¶ 20.

2) Travelers breached the Travelers Bad-Faith Settlement, and prevented Movants from exercising their rights under that agreement;

---

[36]   *See Pumphrey v. Thompson Tool Co.,* 62 F.3d 1128, 1130 (9th Cir. 1995) (citing *In re Intermagnetics Am., Inc.,* 926 F.2d 912, 916 (9th Cir. 1991), and *Alexander v. Robertson,* 882 F.2d 421, 424 (9th Cir. 1989)).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

24

3) Travelers falsely represented to this Court that Travelers had properly effectuated service upon Movants in order to obtain enormous Default Judgments against them; and

4) Travelers falsely represented to this Court that the general indemnity provision in the Travelers Bad-Faith Settlement required Movants to indemnify Travelers for its own negligence and intentional-tort liability.

Thus, Travelers' Attorneys repeatedly misrepresented material facts and the applicable law to this Court.  Travelers' Attorneys further failed to conduct a reasonable inquiry, and to determine that the papers they filed with the Court were well grounded in fact, legally tenable, and not interposed for any improper purpose. Their conduct violated Federal Rule of Civil Procedure, Rule 11 (b) (2) and (b)(3), 28 U.S.C. § 1927, and other law.  Movants contend that Travelers' Attorneys intentionally committed fraud on this Court in order to maximize the amount they might recover through the Default Judgments.

By way of illustration, in the case *In re Bressman*, *supra*, the court affirmed the lower court's decision to vacate a default judgment that was fraudulently obtained, and to dismiss the action due to the attorney's failure to act with candor, and for committing fraud on the court.  *See In re Bressman*, *supra*, at 153.  The *Bressman* court observed that direct evidence of intent will rarely be available, but that intent may be inferred from the surrounding circumstances.  *See id*. at 151. The court proceeded to infer from the attorney's extensive efforts to obtain the default judgment in the record indicate that the attorney intentionally withheld material information from the court so he could recover the maximum default judgment.  *See id.* at 153.  The attorney filed extensive pleadings detailing the history of the related proceedings, scrupulously detailing the damages sought, including interest, and carefully describing defendant's involvement, but omitting information regarding a settlement that would have reduced the amount collected, and he apparently did so in order to maximize the default judgment recovery.  *See*

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

25

*id.* at 151-153.

Travelers' Attorneys committed similar wrongdoing in the present case in order to maximize their Default Judgments.  Travelers' Attorneys withheld from the Court the entire *Rossmoor* line of cases holding that a general indemnity provision does not cover an indemnitee's own active negligence.  The bad-faith intent of Travelers' Attorneys may be similarly inferred from the surrounding circumstances.  Like *Bressman*, the extensive conduct by Travelers' Attorneys in this case allowed them to obtain significantly-higher Default Judgments than would have been obtained without the fraud.

As in *Bressman*, Travelers' Attorneys filed extensive pleadings in which they went into great detail about the parties, the facts of the case, and the related proceedings, yet they continually withheld material facts regarding service of process, notice of Fraley's claims and an indemnity demand, as well as the relevant law regarding general indemnity provisions and an indemnitee's own negligence, any of which might have defeated their efforts to obtain the onerous Default Judgments.  *See id.* at 151-153.  As in *Bressman*, Movants contend that the extensive conduct by Travelers' Attorneys is sufficient to conclude that their misrepresentations to this Court were intentional.[37]

Accordingly, Movants respectfully contend that there is clear, unequivocal, and convincing evidence that Travelers' Attorneys intentionally committed fraud on the Court.  Travelers' Attorneys cannot now claim that their conduct was unintentional and committed in good faith, because, on May 24, 2023, Movants' counsel sent them a 27-page Motion for Sanctions, detailing all of these issues with supporting legal authorities, and requesting that they take action to correct the situation.  Travelers essentially ignored the issues raised and authorities cited

[37] *See id.* at 152-153 (a finding of fraud on the court will lie because there was clear, unequivocal, and convincing evidence).

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927, AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

26

therein; they refused to correct the situation; and they were consistently unable to cite any legal authorities supporting their positions.

## IV.  CONCLUSION

For all the reasons discussed in this Motion, Movants respectfully request that Travelers' Attorneys be personally sanctioned for all the attorney's fees and expenses Movants incurred as a result of the fraud on the Court committed by Travelers' Attorneys and their other bad-faith conduct, as well as award such other relief as the Court deems just and proper.  Travelers' egregious conduct which improperly affected this Court's decisions to grant Travelers the Default Judgments, violated Federal Rule of Civil Procedure, Rule 11 (b) (2) and (b)(3), 28 U.S.C. § 1927, and justifies this remedy.  More specifically:

1) Travelers' Attorneys fraudulently misrepresented to this Court that they had properly served Movants, when, in fact, they failed to ever properly effectuate service of the Third-Party Summons and Complaint on Movants, robbing this Court of personal jurisdiction over them and resulting in a void Judgment;

2) Moreover, Travelers' Attorneys fraudulently misrepresented to this Court that the Indemnity provision from the 2015 Travelers Bad-Faith Settlement required Movants to indemnify Travelers against all its losses in this action, when, *as a matter of law*, the asserted general indemnity provision does not require Movants to indemnify Travelers against its own intentional conduct or its active negligence in deciding not to interplead the settlement funds, which decision, according to the Ninth Circuit, resulted in Travelers' liability on Fraley's tort claims in this action;

3) Travelers never provided Kessler and DK Art with reasonable notice of Fraley's claims, or with any indemnity demand, and Kessler and DK Art were never allowed to choose defense counsel or to control the defense,

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

27

all in breach of the Travelers Bad-Faith Settlement.

Travelers' misconduct was made even more egregious by its extreme harassment and vexatious collection efforts. Travelers subpoenaed documents and information from several members of Kessler's family, her friends, and approximately thirty-five (35) of her customers from all over the country. Incredibly, Travelers even subpoenaed the private bank records of her friends, relatives, and customers, with the predictable result of destroying Kessler's business and personal relationships, and causing Movants additional harm as detailed in Appendix 1: Summary of Facts and Prior Record.  SOF ¶¶ 35-42.

Movants Art further contend that Travelers' Attorneys intended to harass Kessler and DK Art, and to unreasonably, vexatiously, and improperly multiply the number of proceedings against Kessler, DK Art, as well as against Kessler's children, and to needlessly increase the cost of litigation.  As a result of Travelers' ongoing and extreme harassment, Kessler has been terribly harmed to the point where Kessler and DK Art would have been better off if they had never successfully pursued their legal rights against City Art and Travelers.  SOF ¶ 42. Just as Travelers apparently acted to harm its insured, City Art, (giving rise to the Travelers Bad-Faith Litigation) Travelers has acted to make sure that Kessler is now worse off than before she ever pursued her legal rights in the *City Art* and the Travelers Bad-Faith Litigations, in which she prevailed.  The $37 Billion Travelers should not be permitted to abuse its power in this manner in order to harm single-mother Kessler and her business, DK Art.

/ / /

/ / /

/ / /

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

28

1        Finally, Movants respectfully contend that a hearing may not be necessary for

2    this Court to award Sanctions against Travelers' Attorneys, because  the bad-faith

3    conduct is apparent from the record before this Court and occurred in the Court's

4    presence.  *See Lamboy-Ortiz v. Ortiz-Vélez*, *supra*, at 246.

5    Dated: September 22, 2023.              THE MORALES LAW FIRM

6

7                                           David Morales,
                                            Attorney for Third-Party Defendants
8                                           Drita Kessler and DK Art Publishing, Inc.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

29

## L.R. 11-6.1 CERTIFICATE OF COMPLIANCE.

The undersigned counsel of record for Movants certifies that this Memorandum of Points and Authorities contains 32 pages (10,312 words), which:

      _____ Complies with the 7,000 word limit of L.R. 11-6.1.

      __X__ Complies with the 25-page limit set by Standing Order of Hon. J. André Birotte, Jr.

Dated: September 22, 2023.      THE MORALES LAW FIRM

      _____

      David Morales,
      Attorney for Third-Party Defendants
      Drita Kessler and DK Art Publishing, Inc.

## CERTIFICATE OF SERVICE

    I hereby certify that on September 22, 2023, a copy of the foregoing document was filed electronically and served by U.S. Mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

      _____

      David Morales

*Fraley v. Travelers Prop. Cas. Co. of Am., et al.*, Case No. 2:18-CV-00722-AB-JPR
NOTICE OF MOTION AND MOTION FOR SANCTIONS UNDER RULE 11, 28 U.S.C. § 1927,
AND THE COURT'S INHERENT POWER; AND MEMORANDUM OF POINTS AND AUTHORITIES

30